**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GILBERT ESPINOZA-SAENZ,

Defendant-Appellant.

No. 00-2110

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-99-355-SC)**

---

Submitted on the brief:

Gilbert Espinoza-Saenz, pro se.

---

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

Pro se appellant Gilbert Espinoza-Saenz seeks a certificate of appealability

to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate his

criminal sentence and the court's denial of his request to amend his motion out of

time.  In order for this court to grant a certificate of appealability, defendant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In addressing the requirements of obtaining a certificate of appealability under § 2253(c), the Supreme Court recently stated that a defendant must show a substantial denial of a constitutional right by demonstrating "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)) (further quotation omitted).

In considering defendant's appeal, we address whether Fed. R. Civ. P. 15(c) allows his amended motion to relate back to the date of his original filing.  Because this presents a question of first impression in this circuit, we conclude that the issue merits further judicial consideration, and we grant a certificate of appealability.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291, and we affirm. [1]

---

[1]     After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I.**

Defendant pled guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 841(b)(1)(C), and 18 U.S.C. § 2, and one count of conspiracy to commit the same in violation of 21 U.S.C. § 846. The sentencing court found defendant to be a career offender and sentenced him to 151 months on the conspiracy count and sixty months on the possession count, to be served concurrently.

Defendant timely filed a pro se notice of appeal raising the issue of the sentencing court's denial of a downward departure based on his ill health. Defendant's counsel also filed a notice of appeal, a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In his response, defendant asserted several ineffective assistance of trial counsel claims. This court granted counsel's request to withdraw, dismissed the appeal for lack of jurisdiction over the sentencing court's refusal to depart downward, and expressly advised defendant to bring his ineffective assistance of counsel claims in a § 2255 motion.

Defendant timely filed a pro se § 2255 motion, asserting that the sentencing court erred in sentencing him on a count on which he had been found not guilty, and that the pre-sentence report inappropriately used a 1995 escape charge to enhance his criminal history category. After the expiration of his one-year

limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and while his first motion was still pending, defendant filed a supplemental motion asserting a number of ineffective assistance of counsel claims. [2]

The magistrate judge found the claims in defendant's first motion to be without merit and recommended that the motion be denied. [3] She found his supplemental motion to be barred by the AEDPA's one-year statute of limitations and recommended transferring it to this court as a second or successive petition. [4] *See* § 2255; *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). The district court agreed and adopted the recommendations of the magistrate judge over appellant's objections. On appeal, appellant contends that the district court erred in treating his supplemental motion as a successive petition instead of as an

---

[2] On April 24, 1996, the AEDPA became effective, including the provision subjecting § 2255 to a one-year statute of limitations. Defendant's one-year limitations period ended on February 2, 1999. He filed his first § 2255 motion on January 11, 1999, well within the time allowed. His second supplemental pleading, however, was filed on March 29, 1999, outside the one-year statute of limitations.

[3] Defendant does not appeal the court's decision on the claims of sentencing error brought in his original motion. We, therefore, consider those issues waived. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

[4] Upon receipt of the transferred motion, this court notified defendant that he had thirty days in which to file a proper motion for permission to file a second or successive § 2255 motion and that his failure to do so would result in the denial of permission. *See* § 2244(b)(3)(D). When defendant did not comply, the matter was dismissed. *See id.*

amendment which related back to his timely motion. For the reasons that follow, we conclude that, under the circumstances here, Rule 15(c) does not save defendant's untimely claims.

## II.

Subject to certain restrictions, Fed. R. Civ. P. 15 allows a party to amend or supplement a pleading. Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." [5] Ordinarily, "[w]e review a trial court's decision on whether to allow amendment of pleadings for abuse of discretion." *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). Under the circumstances here, however, we are reviewing the district court's legal conclusion that it did not have the authority to allow an untimely amendment. Our review requires a decision on an issue of law and thus, is considered by this court de novo. *See e.g. Dang v. UNUM Life Ins. Co.*, 175 F.3d 1186, 1189 (10th Cir. 1999); *United States v. Thomas*, 221 F.3d 430, 433-34 (3d Cir. 2000).

_____

[5]     Rule 15(c) sets forth two additional circumstances under which an amendment to a pleading relates back to the filing of the original pleading. Neither is applicable here.

This court has not previously looked at Rule 15(c) as it relates to a § 2255 motion. A number of other circuits, however, have recently decided the issue. In *Thomas*, the Third Circuit considered the appeal of a defendant from the denial of his timely § 2255 motion in which he stated twenty-four grounds for relief. *See* 221 F.3d at 431-33. He subsequently filed a motion for permission to file a memorandum of law in support of his claims. The district court denied him permission to file the memorandum because it would be filed after the expiration of § 2255's one-year limitation period. It then denied his original motion because he failed to state a cause of action. On appeal, the Third Circuit held that, "under Fed. R. Civ. P. 15(c), a District Court may, in its discretion, permit an amendment which clarifies or amplifies a claim or theory in a timely filed § 2255 petition after the AEDPA's one-year period of limitations has expired." *Thomas*, 221 F.3d at 438. In remanding to allow the district court to reconsider the defendant's request to amend, the appellate court concluded that Rule 15(c) applies to allow amendment to § 2255 motions "as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." *Id.* at 436; *see also United States v. Duffus*, 174 F.3d 333, 337 (3d Cir.) (stating in dictum that untimely amendment allowed "to clarify a claim initially made"), *cert. denied*, 120 S. Ct. 163 (1999).

In *Davenport v. United States*, 217 F.3d 1341, 1342-43 (11th Cir. 2000), the defendant timely filed a § 2255 motion raising four claims: three concerning alleged errors in his trial and sentencing and a fourth alleging his counsel was ineffective for failing to raise the first three. After the government's response, the defendant sought to dismiss his motion without prejudice or, in the alternative, to amend. The court denied the motion to dismiss, but granted the defendant permission to amend. In his amendment, the defendant raised three more ineffective assistance of counsel claims based on different conduct. In determining that the new claims raised in the defendant's amended motion were untimely and could not be saved by the relation back provision of Rule 15(c)(2), the *Davenport* court found the new claims did "not arise out of the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type." 217 F.3d at 1346.

Similarly, the defendant in *United States v. Pittman*, 209 F.3d 314, 316 (4th Cir. 2000), sought to amend his timely-filed § 2255 motion by asserting claims unrelated to any claim in his original motion. In his first motion, defendant alleged that the sentencing court lacked jurisdiction to impose an enhanced sentence based on prior convictions, the enhancement was improper, and the government had not proved, by a preponderance of the evidence, that the drugs at issue were crack cocaine. In his amended motion, he asserted that

counsel's failure to appeal constituted ineffective assistance, and the sentencing court improperly enhanced his sentence for obstruction of justice. In upholding the district court's denial of the defendant's request to amend, the Fourth Circuit held that the "new claims do not relate back to his original claims because they arise from separate occurrences of both time and type." *Id.* at 318 (quotation omitted). Rejecting the defendant's argument that his new claims should relate back because the "'occurrence' for purposes of Rule 15(c) should be the entire trial and sentencing proceeding," the court reasoned that to allow amendment simply because the amended claims relate to the same trial and sentencing proceedings as those in the original motion "would undermine the limitations period set by Congress in the AEDPA." *Id.*

In *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999), the defendant raised ineffective assistance of counsel claims in his original timely filed § 2255 motion, alleging that counsel failed to pursue a downward departure for substantial assistance, and failed to challenge the government's classification of the methamphetamine involved in the case. In his untimely amended motion, the defendant raised an additional ineffective assistance claim asserting that his counsel failed to appeal his conviction. The Eighth Circuit held the amendment to be time barred because it alleged errors of counsel completely separate in "time and type" from those alleged in the original motion. *Id.* at 457.

We find the reasoning in these cases to be persuasive, and therefore we join the other circuits who have decided this issue in holding that pursuant to Rule 15(c), an untimely amendment to a § 2255 motion

> which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

*Thomas* , 231 F.3d at 431.

Here, defendant's supplemental motion, filed almost two months after the AEDPA deadline, raised completely new claims of ineffective assistance of counsel. Contrary to defendant's belief, his supplemental motion was not clarifying, but instead sought to assert claims totally separate and distinct, "in both time and type" from those raised in his original motion. *Craycraft* , 167 F.3d at 457. We agree that, because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. *See Pittman* , 209 F.3d at 318 (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); *Duffus* , 174 F.3d at 337 (holding that granting motion to amend "would have frustrated the intent of Congress that claims under

28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save defendant's ineffective assistance of counsel claims, and the district court did not abuse its discretion in denying defendant permission to amend.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.