**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAMES MANUEL ROMERO,

  Defendant-Appellant.

No. 00-2478
(D.C. No. CIV-99-279-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

        After examining appellant's opening brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal.     *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Manuel Romero, proceeding pro se, seeks review of the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The case is now before this court on defendant's application for a certificate of appealability (COA) under 28 U.S.C. § 2253(c). To qualify for a COA, defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court did not reject the claims defendant asserts on appeal on the merits, but instead denied defendant's motion for leave to amend his § 2255 motion on procedural grounds, defendant must show that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## I. Background

A jury convicted defendant of seven separate federal offenses relating to his participation in a carjacking and robbery. The seven offenses were: conspiracy to commit carjacking and robbery and extortion (Count I); carjacking (Count II); using or carrying a firearm during and in relation to a carjacking (Count III); robbery and extortion (Count IV); using and carrying a firearm during and in relation to a robbery and extortion (Count V); receipt of a stolen firearm

(Count VI); and being a felon in possession of a firearm (Count VII). The district court sentenced defendant to consecutive or concurrent prison terms for each of these offenses, and the total sentence imposed was life imprisonment plus twenty five years.

The district court enhanced defendant's sentences for counts I, II, IV, V, and VII because defendant had prior felony convictions. First, because defendant had two prior convictions for serious violent felonies, and counts I, II and IV also constituted serious violent felonies, the district court imposed three mandatory life sentences for these counts under the "Three Strikes" statute, 18 U.S.C. § 3559(c)(1). Second, the district court imposed a mandatory sentence of twenty years on Count V because it was defendant's second or subsequent conviction under 18 U.S.C. § 924(c)(1). Third, the district court imposed a sentence of 327 months for Count VII based on its finding that defendant had been convicted of three prior violent felonies within the meaning of the Armed Career Criminal Statute, 18 U.S.C. § 924(e)(1).

On direct appeal, we affirmed the district court's rulings in all respects, but we remanded for the district court to make findings regarding defendant's objections to the presentence report or enter a declaration stating that it did not take the controverted matters into account in sentencing defendant. *United States v. Romero*, 122 F.3d 1334, 1344 (10th Cir. 1997). On remand, the district court

-3-

entered an order stating that it did not take the controverted matters into account in sentencing defendant. Thereafter, on March 23, 1998, the Supreme Court denied defendant's petition for writ of certiorari. *Romero v. United States*, 523 U.S. 1025 (1998).

On March 9, 1999, defendant, proceeding pro se, filed a motion in the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, defendant raised eight issues: (1) the district court erred when it failed to grant defendant's motion to suppress certain statements made to law enforcement officers; (2) the district court erred in allowing jury instructions involving the issue of intent over defense counsel's objection; (3) the district court erred in admitting a record of defendant's prior felony conviction; (4) the district court erred in using defendant's prior conviction for conveying a weapon in a federal prison as a "third strike" under 18 U.S.C. § 3559(c); (5) defendant was denied effective assistance of counsel because his trial counsel failed to raise the issue of materiality concerning the statements made to law enforcement officers; (6) the trial court erred in allowing defendant's trial counsel to withdraw prior to sentencing; (7) defendant was denied effective assistance of counsel at sentencing because defendant was represented by different counsel at sentencing; and (8) defendant was denied effective assistance of counsel on direct appeal because appellate counsel failed to raise the issue of whether the prosecutor

improperly commented on defendant's failure to testify during closing argument. On August 17, 2000, the district court entered an order denying defendant's § 2255 motion. Defendant is not pursuing any of the issues raised in his initial § 2255 motion as part of this appeal.

On August 16, 2000, defendant filed a motion for leave to amend his § 2255 motion pursuant to Fed. R. Civ. P. 15(a). In his motion for leave, defendant argued that he should be permitted to amend his § 2255 motion based upon an intervening change in the law resulting from the Supreme Court's decisions in *Jones v. United States*, 526 U.S. 227 (March 24, 1999) and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (June 26, 2000). On August 17, 2000, the district court denied defendant's motion for leave to amend.

Defendant subsequently filed an application for a COA in the district court, and the district court denied defendant's application. Defendant now seeks a COA from this court raising two errors: (1) the district court erred in not granting defendant leave to amend his § 2255 motion; and (2) the sentencing enhancements imposed by the district court for defendant's prior felony convictions violated *Apprendi* because the prior convictions were not charged in the indictment or submitted to the jury and proven beyond a reasonable doubt. [1]

---

[1] In his opening brief, defendant also alleges that he received ineffective assistance of counsel because his counsel should have raised the *Apprendi* issues

(continued...)

## II. Discussion

### A. Motion for Leave to Amend

Defendant sought permission to amend his § 2255 motion more than one year after his convictions became final. [2] As a result, the one-year period of limitation under § 2255 barred defendant from amending his motion unless the proposed amendment related back to the date when defendant filed his original motion under Fed. R. Civ. P. 15(c). *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000). [3]

In *Espinoza-Saenz*, we held that an untimely amendment to a § 2255 motion will relate back to the date when the original motion was filed "if and only if the original motion was timely filed and the proposed amendment does not seek to

---

[1](...continued)
at trial or on direct appeal. However, defendant failed to raise this issue before the district court, and we find that there is no basis for permitting defendant to raise this issue for the first time on appeal.

[2] As set forth above, defendant filed his motion for leave to amend his § 2255 motion on August 16, 2000. The one-year period of limitation under § 2255 expired on March 23, 1999--one year after the United States Supreme Court denied defendant's petition for writ of certiorari. *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (holding that prisoner's conviction is final for purposes of § 2255 when the Supreme Court denies certiorari petition).

[3] Although defendant initially cited, and discussed to varying degrees, the Supreme Court's decisions in *Jones* and *Apprendi* in several documents he filed in the district court before he filed his motion for leave to amend his § 2255 motion, all of the documents were filed after the expiration of the one-year period of limitation in § 2255.

add a new claim or to insert a new theory into the case." *Id.* at 505 (quotation omitted). Here, defendant's original § 2255 motion was timely filed, but the district court properly denied defendant's motion for leave to amend because defendant was seeking to raise new claims and theories based on the Supreme Court's decision in the *Apprendi* case. "Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save defendant's [new] claims, and the district court did not abuse its discretion in denying defendant permission to amend." *Id.*

B.  Second or Successive § 2255 Motion

Because defendant was precluded from amending his § 2255 motion, the district court should have treated his motion for leave to amend as a motion for leave to file a second or successive § 2255 motion and transferred the motion to this court. *Id.* at 503 (finding no error in district court's decision to transfer defendant's supplemental § 2255 motion to this court as second or successive motion where defendant's motion could not relate back under Fed. R. Civ. P. 15(c) because it raised new claims). We will therefore treat the application for a COA that defendant filed in this court as a motion for leave to file a second or successive § 2255 motion.

Under § 2255, this court may only grant leave to file a second or successive § 2255 motion based upon an intervening change in the law "if it relies upon 'a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Browning v. United States*, 241 F.3d 1262, 1263 (10th Cir. 2001) (en banc) (quoting 28 U.S.C. § 2255). We have held that this requirement is met only if the Supreme Court specifically declares that the new rule applies retroactively to cases on collateral review and that the Supreme Court has not yet made such a declaration about its decision in *Apprendi*. *Id.* Consequently, we deny defendant leave to file a second or successive § 2255 motion to present his *Apprendi* arguments. [4]

For the reasons set forth above, we hold that defendant has failed to make a sufficient showing under 28 U.S.C. § 2253(c) to obtain a COA, and we also deny defendant leave to file a second or successive § 2255 motion. Accordingly, this appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe

---

[4] Even if we were to grant defendant leave to file a second or successive § 2255 motion, defendant's *Apprendi* arguments would fail on the merits. *See Apprendi*, 120 S. Ct. at 2361-63 (holding that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), sentencing enhancements based on prior convictions do not need to be charged in indictment or proven beyond reasonable doubt); *United States v. Wilson*, __ F.3d __, 2001 WL 303650, at *6 (10th Cir. March 29, 2001) (Nos. 99-6348, 99-6358, 99-6383) (recognizing that *Apprendi* did not overrule *Almendarez-Torres*).

Circuit Judge