**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES ALEXANDER HENRY, also known as Antone Hackett, also known as Clyde Chadmen, also know as Yak,

      Defendant-Appellant.

No. 01-1278

(D.C. No. 97-N-598, 90-CR-297-N)

(D. Colorado)

---

**ORDER AND JUDGMENT**   *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

James Alexander Henry, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus petition. The district court entered an order on March 16, 2001 denying Mr. Henry's § 2255 petition. Ten days later, Mr. Henry, apparently under the impression that his § 2255 petition remained pending, filed a motion to amend that petition. Mr. Henry sought to add to his original § 2255 motion a claim based upon Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). The district court, in an April 4, 2001 order, denied Mr. Henry's motion to amend. The court noted that the sixty-day statute of limitations barred the claim unless Fed. R. Civ. P. 15(c) provided an avenue to avoid the statute of limitations. The district court concluded that Rule 15(c) did not apply to Mr. Henry's motion to amend. See Rec. doc. 14 (Order, filed Apr. 4, 2001) (citing United States v. Espinoza-Saenz, 235 F.3d 501, 504-05 (10th Cir. 2000)).

On April 10, 2001, Mr. Henry filed a motion to reconsider the denial of his motion to amend. The district court denied this motion on April 19, 2001. Mr. Henry filed his notice of appeal on June 11, 2001, which was within the sixty-day requirement of Fed. R. App. P. 4(a)(1)(B). The notice was timely to appeal the April 4, 2001 denial of the motion to amend but not to appeal the denial of the § 2255 petition.

We first review the district court's denial of the motion to amend. We hold, as did the district court, that because the Apprendi claim was factually and legally unrelated to the claims in the original petition, the amendment could not

relate back to the original filing date under Fed. R. Civ. P. 15(c) and was

therefore untimely. See Espinoza-Saenz, 235 F.3d at 504–05 (stating that "an

untimely amendment to a § 2255 motion which, by way of additional facts,

clarifies or amplifies a claim or theory" may be permissible, but "only if . . the

proposed amendment does not seek to add a new claim or insert a new theory into

the case.") Thus, Mr. Henry must receive permission to file a successive petition

for consideration of his Apprendi claim.

Second, we note that Mr. Henry claims he had not yet received notice of the

denial of his § 2255 motion when he filed his motion to amend the § 2255

petition. Unfortunately for Mr. Henry, pursuant to Rule 4(a)(1) of the Federal

Rules of Appellate Procedure, an appellate court acquires jurisdiction over an

appeal from a district court decision only upon the timely filing of a notice of

appeal. See generally Smith v. Barry, 502 U.S. 244 (1992) (considering

requirements for proper notice of appeal). Once an appellate court determines

that a notice of appeal is untimely, the appellate court is without discretion to

review the merits and must dismiss the appeal. See Budinich v. Becton Dickinson

& Co., 486 U.S. 196, 203 (1988) (noting that "our cases hold that a court lacks

discretion to consider the merits of a case over which [the court] is without

jurisdiction") (quotation marks and alternations omitted).[1]

---

[1] Even if we could liberally construe Mr. Henry's motion as a motion to reconsider the judgment, cf. Smith, 502 U.S. at 248-49 (liberally construing a brief as the functional equivalent of a notice of appeal), Mr. Henry's claims fare no better on the merits. Mr. Henry was convicted of possession of crack cocaine with intent to distribute, use of the postal service to facilitate possession of crack cocaine, and giving a false name to a United States marshal at the time of Mr. Henry's arrest. He was sentenced to 262 months' imprisonment. On direct appeal, we affirmed his conviction and sentence.

In his 28 U.S.C. § 2255 petition, Mr. Henry asserted (1) a double jeopardy violation for a two-point obstruction of justice adjustment to his offense level for using a false name and (2) ineffective assistance of counsel for failure to raise this argument on direct appeal. The district court rejected Mr. Henry's contentions, relying on the Supreme Court's decision in Witte v. United States, 515 U.S. 389 (1995). In Witte, the Court rejected the "petitioner's double jeopardy theory--that consideration of uncharged conduct in arriving at a sentence within the statutorily authorized punishment range constitutes 'punishment' for that conduct." 515 U.S. at 397. The Court concluded that such a theory "is not supported by our precedents, which make clear that a defendant in that situation is punished, for double jeopardy purposes, only for the offense of which the defendant is convicted." Id. The Supreme Court further concluded that because the "consideration of relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute punishment for that conduct," the petitioner's "instant prosecution does not violate the Double Jeopardy Clause's prohibition against the imposition of multiple punishments for the same offense." Id. at 406.

The district court was correct in applying Witte to Mr. Henry's double jeopardy claim. For Mr. Henry, the statutory maximum for the underlying count of possession of crack cocaine with the intent to distribute, was life imprisonment; Mr. Henry's sentence of 262 months was within the statutory maximum. As to Mr. Henry's ineffective assistance claim, we again agree with the district court that counsel's failure to engage in a frivolous appeal cannot be considered ineffective assistance of counsel.

The record on appeal reveals no motions that might have extended the time for filing the notice of appeal from the district court's denial of Mr. Henry's § 2255 motion. The requirement to file a timely notice of appeal is both mandatory and jurisdictional and is a requirement this court is without power to waive. Consequently, we have no jurisdiction to hear the underling claims in this appeal.

To qualify for a COA, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Henry may make this showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions raised deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Mr. Henry has made no such showing, and therefore we DENY his request for a COA and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge