**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL LANEILL BROWN,

Defendant - Appellant.

No. 02-3166
D.C. No. 01-CV-3058-RDR and
98-CR-40034-01-RDR
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Defendant-appellant Carl Laneill Brown, a federal inmate proceeding

pro se, seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion. Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his application for a certificate of appealability ("COA") and dismiss the appeal.

Mr. Brown was convicted of conspiracy to commit a carjacking, carjacking, use of a firearm during and in relation to a crime of violence, carrying a firearm during and in relation to a crime of violence, and possession of a firearm by a felon. *United States v. Brown*, 200 F.3d 700, 703 (10th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000). His conviction was affirmed on direct appeal. *Id.* at 710. The parties are familiar with the facts, and we do not repeat them here.

Mr. Brown filed his § 2555 motion in the district court, claiming that (1) his sentencing offense level should not have been enhanced for bodily injury to the victim and (2) his trial attorney was constitutionally ineffective for (a) failing to challenge the prosecution in federal, rather than state, court; (b) failing to argue for a downward departure; (c) unsuccessfully challenging the sentencing disparity with his co-defendant; (d) failing to seek acquittal based on insufficient evidence; (e) failing to seek a downward departure for a non-leadership role in the carjacking conspiracy; (f) failing to cross-examine a prosecution witness more vigorously; and (g) failing to submit voir dire questions regarding gang affiliation and activities. Mr. Brown also filed two motions seeking leave to amend his § 2255 motion, one to include an argument under

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the other to add three new claims.

The district court, after a thorough analysis of each of Mr. Brown's claims, denied the § 2255 motion, ruling that Mr. Brown had been properly sentenced and that his counsel had not been constitutionally ineffective. The district court also denied Mr. Brown's two motions to amend. It ruled that both motions were untimely filed and, because they sought to add entirely new claims and theories of relief, could not relate back to Mr. Brown's earlier, timely motion. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). It further ruled that the *Apprendi* claim and three other new claims were baseless.

In his application for COA to this court, Mr. Brown raises the same issues raised in his § 2255 motion. We agree with the district court's analyses of these claims, and conclude that its disposition of Mr. Brown's § 2255 motion is neither deserving of further proceedings, nor debatable among jurists of reason, nor subject to different resolution on appeal. Accordingly, Mr. Brown has failed to make the required substantial showing of the denial of a constitutional right and is not entitled to a COA. *See Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); 28 U.S.C. § 2253(c).  This court therefore DENIES Mr. Brown's request

for a COA and DISMISSES this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge