**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TYRONE LAMONT BAKER, SR.,

Petitioner - Appellant,

v.

LOUIS E. BRUCE; THE ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

Respondents - Appellees.

No. 02-3147
D.C. No. 95-CV-3184-DES
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Tyrone Baker, a state inmate, seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's order denying relief on his habeas petition brought pursuant to 28 U.S.C. § 2254. He also appeals from the court's order lifting the stay in his habeas action. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We conclude that the district court properly lifted the stay. Because Mr. Baker has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his application for COA and dismiss the appeal.

## I.  Facts and proceedings

In 1991 Mr. Baker was convicted of two counts of first-degree murder and two counts of aggravated kidnapping in Douglas County, Kansas, after having been previously convicted of a separate count of first-degree murder, aggravated burglary, conspiracy to commit aggravated burglary, and three counts of kidnapping in Shawnee County, Kansas. [1] His convictions all arise from a series of events occurring in 1989 and beginning in Shawnee County, where Mr. Baker murdered an elderly woman and burglarized her home. When three of the

---

[1]    Mr. Baker's conviction for aggravated assault was overturned by the Kansas Supreme Court in 1994. *See State v. Baker*, 877 P.2d 946, 951 (Kan. 1994). In his petition for COA, Mr. Baker briefly complains that Kansas still has not removed that conviction from his records, and that the state court has refused to rule on this issue in his post-conviction motions. That issue was not raised in his habeas petition that we review here, however, and will not be addressed.

victim's neighbors came to check on her, Mr. Baker kidnapped them and drove them to an isolated location in Douglas County. One of the kidnapped victims convinced Mr. Baker to return to Shawnee County to make sure his first victim was dead. After Mr. Baker left, she ran for help, and the other two victims, who were elderly and infirm, tried to hide. When the victim who ran for help returned with police officers, the other two victims were missing from the location where Mr. Baker had left them. Their bodies were later found three miles away, but still in Douglas County, where Mr. Baker had moved and murdered them. The State asserted that this second moving of the victims constituted separate kidnappings. Mr. Baker's above-described convictions were affirmed on direct appeal.

Mr. Baker filed his federal habeas petition on April 27, 1995, raising a single issue: whether his trial and convictions for kidnapping in Douglas County violated the Double Jeopardy Clause of the United States Constitution. On October 17, 1997, Mr. Baker filed a motion for a stay of his federal habeas proceeding, arguing that he was seeking state habeas relief for the first time on additional grounds [2], and that if no relief was granted, he may wish to amend his federal petition to include the issues. The district court granted the stay, noting

_____

[2] The state-post conviction petition was filed May 21, 1997. The grounds include incompetence to stand trial; "forced insanity plea"; conflict of interest; "private vindictive prosecution"; prosecutorial misconduct; and ineffective assistance of counsel. R. Doc. 19, Ex. A.

that the Antiterrorism and Effective Death Penalty Act ("AEDPA") could potentially bar the refiling of the federal habeas action if the court dismissed it for failure to exhaust the potential claims. *See* R. Doc. 14.

The district court revisited its decision and lifted the stay on September 20, 2001, concluding that Mr. Baker's potential additional federal habeas claims would be barred under AEDPA because he had failed to timely raise them after AEDPA's passage, and they asserted new theories of relief. *See* R. Doc. 21, at 1-2 (citing *Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1442 (2002); *Duncan v. Walker*, 533 U.S. 167 (2001); and *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)). The court concluded that Mr. Baker's habeas petition was therefore ripe for decision, as a stay could not salvage the untimely claims. We hold that the district court properly lifted the stay.

As to the merits of his petition for COA, Mr. Baker may make a "substantial showing of the denial of a constitutional right" by demonstrating that the Double Jeopardy issue raised in his habeas petition and rejected by the district court is debatable among jurists, or that a court could resolve the issues differently, or that the question presented deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). We have carefully reviewed the record, the petition, and the applicable law. For substantially the same reasons

-4-

stated by the district court in its order filed March 29, 2002, we conclude that the Double Jeopardy issue is not debatable among jurists, that we would not resolve the issues differently, and that the question presented does not deserve further proceedings. Mr. Baker's "Motion to Proffer" transcripts from separate state-court actions is DENIED. We DENY a COA and DISMISS the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge