FILED
United States Court of Appeals
Tenth Circuit

October 17, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY JOE BOOMERSHINE,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

Respondent-Appellee.

No. 07-5075
(D.C. No. 04-CV-170-CVE-PJC)
(N.D. Okla.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of
appealability to appeal the district court's denial of his § 2254 habeas petition.
Petitioner was convicted of forcible sodomy and rape by instrumentation and
received a sentence of 300 years on each count, to be served consecutively. The
Oklahoma Court of Criminal Appeals affirmed his convictions but modified his
sentences to run concurrently. His state court post-conviction relief petition was
denied, and this denial was affirmed on appeal. Petitioner subsequently filed the
instant § 2254 petition raising five grounds of error and seeking an evidentiary

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearing. More than two years after filing the habeas petition, Petitioner attempted to amend it to add three new grounds of error. The district court denied Petitioner's habeas petition, his request for an evidentiary hearing, and his motion to amend the petition. Petitioner now seeks a certificate of appealability to appeal these rulings.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The district court concluded that Petitioner was not entitled to relief on any of the five grounds stated in his habeas petition. Specifically, the court concluded that three of Petitioner's grounds were barred by the state court's finding of procedural default[1] and that Petitioner had not demonstrated that "cause and prejudice" excused the default nor that a "fundamental miscarriage of justice" would result if his claims were not considered. *See Coleman v. Thompson*, 501

---

[1] Although Petitioner argues that the state appellate court erred when it held that he had not properly raised one of these claims before the state district court, the federal district court appropriately deferred to the state court's application of state law on this procedural matter. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

U.S. 722, 750 (1991); *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). The court noted that Petitioner's assertion of actual innocence was not supported by any new evidence, and the court concluded that Petitioner had not made a colorable showing of factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (holding that a habeas petitioner must show "that no reasonable juror would have found the defendant guilty"). As for Petitioner's claim that his convictions violated the double jeopardy clause of the Constitution and Oklahoma's statutory prohibition against double punishment, the court held that the state statutory claim was not cognizable on federal habeas corpus review, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and that the crimes for which Petitioner was convicted were separate and distinct offenses under the *Blockburger* test, *see Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); Okla. Stat. tit. 21, §§ 886, 888; OUJI-CR (2d) 4-128 (defining forcible sodomy); tit. 21, § 1111.1 (defining rape by instrumentation). Finally, the court determined that Petitioner's fifth ground of error appeared to be a challenge to Oklahoma's post-conviction procedures, which is not cognizable on federal habeas corpus review. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

-3-

Petitioner also seeks to appeal the district court's denial of his motion to amend the habeas petition and request for an evidentiary hearing. The court denied Petitioner's motion to amend because the three new grounds asserted in the proposed amended petition were entirely new claims that did not relate back to the original petition and because the court found no statutory or equitable basis for tolling the one-year statute of limitations on the claims. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A). As for Petitioner's request for an evidentiary hearing, the court concluded that Petitioner had not demonstrated that he was entitled to a hearing. *See Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in these materials convinces us that reasonable jurists could debate whether the district court's rulings were correct. Accordingly, for substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-