FILED
United States Court of Appeals
Tenth Circuit

**July 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

STEVEN J. KELLY,

        Defendant - Appellant.

No. 11-4105
(D. Utah)
(D.C. Nos. 2:10-CV-00170-DAK and
1:06-CR-00024-PGC-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Petitioner, Steven J. Kelly, seeks a certificate of appealability ("COA") so

he can appeal the district court's dismissal of the motion to vacate, set aside, or

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255

motion unless he first obtains a COA). In 2005, Kelly was convicted of two drug-

trafficking offenses. *United States v. Kelly*, 535 F.3d 1229, 1231 (10th Cir.

2008). Kelly's conviction was affirmed by this court on August 5, 2008. *Id*. at

1243.

Kelly filed the instant § 2255 motion in federal district court on February

24, 2010, raising two ineffective assistance of counsel claims. The first was a

general claim that trial counsel failed to present an adequate defense. The second claim alleged trial counsel was ineffective for failing to challenge the calculation of Kelly's criminal history category. On February 24, 2011, Kelly sought to amend his § 2255 motion to add a claim that his trial counsel was ineffective for failing to seek dismissal of the indictment because of a violation of the Speedy Trial Act. See 18 U.S.C. § 3161.

The district court concluded Kelly's conclusory allegations were insufficient to support his general ineffective assistance claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court also concluded Kelly could not show prejudice resulting from his attorney's alleged deficient performance at sentencing. *See Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"). Finally, the court concluded Kelly's Speedy Trial Act claim was untimely because he attempted to assert it more than one year after his conviction became final.[1] *See* 28 U.S.C. § 2255(f) (setting forth a one-year

---

[1]Once the district court concluded Kelly's untimely amendment to his § 2255 motion did not relate back to the date of the original motion, the court lacked jurisdiction to consider the merits of Kelly's Speedy Trial Act claim. *See United States v. Espinoza-Saena*, 235 F.3d 501, 503 (10th Cir. 2000) (affirming the treatment of an untimely amendment to a § 2255 motion as a second or successive habeas petition); *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to (continued...)

statute of limitations for § 2255 motions); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (holding an untimely amendment to a § 2255 motion does not relate back to the date of the original motion if it seeks to add a new claim).  Accordingly, the district court denied Kelly's § 2255 motion.

To be entitled to a COA, Kelly must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).  In evaluating whether

---

[1](...continued)
deny the relief sought in the pleading.").  In an abundance of caution, we construe Kelly's request for a COA on the Speedy Trial Act claim as an application for authorization to file a second or successive § 2255 motion.  *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997).  Our review of Kelly's implied application leads us to conclude he has failed to make the prima facie showing necessary for filing a second or successive § 2255 motion because the claim does not involve either newly discovered evidence or a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2255(h).  Accordingly, we **deny** Kelly's implied application to file a second or successive § 2255 motion.

Kelly has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Kelly need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Kelly's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Kelly is not entitled to a COA. Accordingly, we **deny** his request for a COA and **dismiss** this appeal. Kelly's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge