FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

MARK ALEX KINKEAD,

      Petitioner - Appellant,

v.

JANE STANDIFIRD, Warden,

      Respondent - Appellee.

No. 12-5126
(D.C. No. 4:09-CV-00247-JHP-PJC)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Mark Alex Kinkead, a state inmate appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition and two motions to supplement the record. Kinkead v. Standifird, No. 09-CV-247-JHP-PJC, 2012 WL 2995667 (N.D. Okla. July 23, 2012). Because Mr. Kinkead has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss this appeal.

Background

On August 14, 2003, Mr. Kinkead pleaded guilty to the crime of lewd acts

against a child, after former conviction of felony, and received a five-year deferred sentence. R. 442. On January 4, 2007, the state court accelerated the sentence finding Mr. Kinkead had violated the conditions of probation, and sentenced him to life imprisonment with all but the first ten years suspended. R. 36. Mr. Kinkead appealed the acceleration, and on September 23, 2008, the Oklahoma Criminal Court of Appeals ("OCCA") affirmed. R. 184–89. Mr. Kinkead then sought post-conviction relief, which was denied. R. 33. The OCCA affirmed the denial on March 25, 2009. R. 33–35.

On April 28, 2009, Mr. Kinkead filed a federal habeas petition. R. 5. He raised three grounds for relief: his criminal prosecution was barred by the statute of limitations, Oklahoma was wrongly applying the 85% Rule[1] to his sentence, and his imprisonment was a double jeopardy violation. R. 11–15. Mr. Kinkead filed two motions to supplement the record, which the court granted, R. 255, 264, 382, and a third motion to supplement the record, which the court denied. R. 383, 460. Mr. Kinkead then filed two more motions to supplement the record (his fourth and fifth) on December 8, 2011, and December 12, 2011. R. 461, 474. In his fourth motion, he added that, at the time of his crime, he was not required to register under the Oklahoma Sex Offender Registration Act ("OSORA"), and

---

[1] Under the 85% Rule, a person committing one of an enumerated list of felonies and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections." Okla. Stat. tit. 21, § 12.1 (2011).

thus, it was error to accelerate his sentence for violating the OSORA. R. 461. In his fifth motion, he added that it was error to use his 1994 DUI conviction to enhance his sentence because the conviction was more than ten years old. R. 474.

On July 23, 2012, the district court denied Mr. Kinkead's habeas petition and two pending motions. Kinkead, 2012 WL 2995667, at *9. The court found that neither motion related back to the original petition, and absent grounds for statutory or equitable tolling, the claims were time-barred under 28 U.S.C. § 2544(d)(1)(A). Id. at *3–4. On appeal, Mr. Kinkead contends that this was error because (1) his fourth motion addressed grounds for which there was no relief when he filed his petition, and (2) his fifth motion related back to his petition. Aplt. Br. 18–23. As for the habeas petition, the court denied the first two grounds for relief on the merits, and the third ground as procedurally barred. Kinkead, 2012 WL 2995667, at *5–8. Mr. Kinkead argues that reasonable jurists could debate these issues. Aplt. Br. 25–26. Finally, Mr. Kinkead argues that the court abused its discretion when (1) it denied his request for an evidentiary hearing, and (2) a magistrate judge never issued a Report and Recommendation. Id. at 3, 23.

Discussion

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "that reasonable jurists could debate whether . . . the petition should have been

- 3 -

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Where the district court dismisses a § 2254 motion on procedural grounds, the movant must demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. Id.

Under AEDPA, a federal court cannot grant habeas relief to a state prisoner on any claim that a state court resolved on the merits, unless (1) the state court's adjudication was contrary to or an unreasonable application of clearly established federal law, or (2) the adjudication was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). We presume that the state court's determination of a factual issue is correct; the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A.    Motions to Supplement the Record

Section 2244 contains a one-year limitations period which runs from the date a conviction is deemed final. 28 U.S.C. § 2244(d)(1). Mr. Kinkead's conviction became final on December 23, 2008, when the ninety days to seek certiorari review in the United States Supreme Court expired. 28 U.S.C. § 2101(c). However, prior to that date, Mr. Kinkead filed an application for post-

conviction relief, which tolled the one-year period until March 26, 2009, the day after the OCCA affirmed the denial of his application. 28 U.S.C. § 2244(d)(2). He therefore had until March 26, 2010, to file a habeas petition. Mr. Kinkead's original petition, filed on April 28, 2009, was timely, but his fourth and fifth motions to supplement the record, both filed in December 2011, were untimely.

To overcome this untimely filing, the motions must relate back to the original petition, or statutory or equitable tolling must be appropriate. A claim that is "totally separate and distinct, in both time and type from those raised" in the original petition does not relate back. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (quotation omitted). The pendency of a federal habeas case does not toll the limitations period. See 28 U.S.C. § 2244(d)(2). Finally, for equitable tolling to apply, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). As the district court found, Mr. Kinkead's motions, which challenged the acceleration of his sentence, raised new claims that were unrelated to his petition. Likewise, neither statutory nor equitable tolling was appropriate because the federal habeas case did not toll the period, and Mr. Kinkead did not exercise reasonable diligence in pursuing these claims. To the extent Mr. Kinkead contends that he only discovered the grounds for his fourth motion—that he was not subject to the OSORA—after he filed his petition, we reject this claim

because this was a basis the state claimed to accelerate his sentence.  See R. 184 n.1.  We do not believe that reasonable jurists could debate these conclusions.

B.     Grounds for Habeas Relief

1.     Ground One

Mr. Kinkead first argues that his criminal prosecution was barred by the statute of limitations.  Aplt. Br. 8.  He claims that his Judgment and Sentence provides that the crime charged was committed on or about June 9, 1995, but the Information was not filed until February 7, 2003, which is beyond the five-year statute of limitations period for the offense.  The OCCA rejected this claim, finding that the Information charged criminal conduct between June 9, 1995 and July 2, 1998, and therefore, was timely filed on February 7, 2003.  On appeal, Mr. Kinkead argues that the OCCA decision is not on the merits, and thus not entitled to AEDPA deference, because the OCCA did not consider the Judgment and Sentence in reaching its decision.  Id. at 12.  We disagree.

As an initial matter, Mr. Kinkead raises a question of state law.  As a federal habeas court, we do not review violations of state law.  We are limited to determining whether a conviction violated the Constitution, laws, or treatises of the United States.  28 U.S.C. § 2254(a).  We also find that the OCCA adjudicated this claim on the merits, even without the Judgment and Sentence, because it relied on the Information in finding that the charge was timely filed.  R. 34.  Moreover, Mr. Kinkead has not established that the OCCA's decision was

unreasonable "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). We find that reasonable jurists could not fairly debate this conclusion.

2.      Ground Two

Mr. Kinkead next argues that Oklahoma is applying his sentence in violation of the Constitution by denying him earned credits. Aplt. Br. 2, 15–17. We note that this is a slight variation of the claim Mr. Kinkead raised in his habeas petition, where he alleged that he was wrongly subject to Oklahoma's 85% Rule. Mr. Kinkead now contends that his sentence, "life imprisonment with all but the first ten years suspended," is not life sentence, and therefore, Okla. Stat. tit. 57, § 138(A), which prevents those inmates serving life sentences from earning credits, does not apply to him. Id. As the district court found, Mr. Kinkead is serving a sentence of life imprisonment, even though all but the first ten years were deferred. Kinkead, 2012 WL 2995667, at *7. We do not believe that reasonable jurists could fairly debate this conclusion.

3.      Ground Three

Mr. Kinkead's third ground for relief is that his imprisonment is a double jeopardy violation. The district court denied this claim as procedurally barred, finding neither "cause and prejudice" nor a "fundamental miscarriage of justice" to excuse the default. Id. at *7–8. As an initial matter, it is not clear whether Mr. Kinkead seeks a COA on this ground. Mr. Kinkead only refers to this point in the

opening paragraph of his brief when he states that he appeals the "judgment denying on 'procedural grounds' any federal habeas corpus relief under 28 U.S.C. sec. 2254." Aplt. Br. 1. However, construing this pro se pleading liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we will assume that he seeks a COA on this basis as well. Nonetheless, we find that a COA is not warranted because Mr. Kinkead has failed to demonstrate that it is reasonably debatable whether the court's procedural ruling is correct. See Slack, 529 U.S. at 484.

The district court found that Mr. Kinkead's double jeopardy claim was procedurally barred because he failed to raise this claim on direct appeal. The court rejected Mr. Kinkead's argument that he had in fact raised this claim, finding that Mr. Kinkead asserted a different double jeopardy argument on direct appeal. Kinkead, 2012 WL 2995667, at *7 n.6. On direct appeal, Mr. Kinkead argued that the acceleration of his sentence subjected him to double jeopardy because it was based on violations for which his probation officer had already punished him. However, in his habeas petition, Mr. Kinkead argued that the double jeopardy violation was his current imprisonment after serving two years of a deferred sentence. Id. We do not believe that reasonable jurists could debate the court's conclusion that these are different claims, and that Mr. Kinkead's current double jeopardy claim is procedurally barred.

Nor do we find that "cause and prejudice" exists for the default or that a "fundamental miscarriage of justice" will result if Mr. Kinkead's claim is not

considered.  We note that Mr. Kinkead does not address this point on appeal, and like the district court, we find that Mr. Kinkead has failed to show any reason to excuse the default.

C.      Abuse of Discretion Claims

Mr. Kinkead raises two additional arguments in his brief.  He first argues that the district court abused its discretion in denying his request for an evidentiary hearing.  Aplt. Br. 23.  In so asserting, Mr. Kinkead contends that "his claimed constitutional violations . . . require an evidentiary hearing by due process to prove or disprove the set of facts that he challenges that his confinement as unlawful.  Id.  "A district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion."  Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (quotation omitted).  Because each of Mr. Kinkead's claims can be resolved on the basis of the record alone, the district court did not abuse its discretion.

Mr. Kinkead then argues that the district court abused its discretion when his case was assigned to a magistrate judge, but the magistrate never issued a report and recommendation.  Aplt. Br. 3.  We find nothing in the docket sheet to indicate that this case was assigned to a magistrate.  R. 1–4.  As such, we do not find that the district court abused its discretion in deciding the matter without the assistance of a magistrate judge.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge