**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALICIA DANIELLE FREERKSEN,

Defendant - Appellant.

No. 11-6044

W.D. Oklahoma

(D.C. No. 5:10-CR-00188-R-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

## I.  Introduction

Alicia Danielle Freerksen entered a conditional plea of guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Her conviction arose out of a search of a digital camera and other computer equipment found in a house she shared with her husband and co-defendant, Dean Leroy Freerksen, which uncovered digital images depicting, *inter alia*, the sexual abuse of CL, an eleven-year-old female.  Both defendants moved to suppress all

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence uncovered as a result of the search, arguing the search warrant affidavit did not support a finding of probable cause when analyzed under the framework set forth in *Franks v. Delaware*, 438 U.S. 154 (1978). The district court denied the motion, concluding any inaccurate statements in the affidavit were immaterial and probable cause still existed when the affidavit was "corrected" pursuant to *Franks*. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

## II.  Background

On July 11, 2009, Detective Mike Morton of the Woodward Police Department was called to interview CL based on allegations of possible child exploitation. Morton was brought into the case after CL's mother contacted the Clinton Police Department and relayed statements from CL indicating she was sexually abused at the home of Alicia and Dean Freerksen. Morton conducted a recorded interview with CL later that evening. As a result of the interview, he prepared an affidavit for a search warrant of the Freerksen residence at 2718 Maple Street, Woodward, Oklahoma. The factual allegations upon which the search request rested were listed in five numbered paragraphs:

> 1.  On July 11, 2009 I spoke with 11 year old female C.L. while at the Woodward police department. C.L. stated that on June the 26th 2009 she was raped by three unknown males, one male having the name of Garrett. While staying at 2718 Maple in Woodward Oklahoma.
>
> 2.  C.L. stated that on July the 4th 2009 while at 2718 Maple Woodward Oklahoma. C.L. stated Dean

Freerksen gave her vodka, and orange juice to drink. C.L. stated that they played sex dice for about an hour.

3. C.L. told me Dean, Freerksen the third, and Alicia Freerksen took her to their bedroom. C.L. stated that Dean put his penis inside her.

4. C.L. stated that Alicia used a white vibrator about six inches long on her crotch area.

5. C.L. stated Dean, and Alicia both took photos of her using a blue camera.

I have been a Detective with the Woodward Police Department since 2001 and have investigated numerous criminal offenses. Based on my experience and training, I have investigated numerous Rape, and Child Molestation cases.

The reviewing magistrate issued the requested warrant, and the resulting search of the apartment uncovered, among other items, a computer and a blue digital camera. Detective Morton then prepared a second search warrant affidavit to search the camera and other computer equipment for digital evidence of child exploitation. The affidavit supporting the second search warrant was identical to the first, and included two additional paragraphs:

6. On 07-13-09, I executed search warrant number SW-20009-16 and seized, DELL INSPIRON LAP TOP COMPUTER SERVICE TAG #DQZPDD1 WITH 1 LOGITECH ZIP DRIVE ATTACHED, GLACIER USB 2.0 HIGH SPEED 3.5 EXTERNAL ENCLOSURE, DELL INSPIRON DESK TOP COMPUTER SERVICE TAG #8S6TJGI WITH EXTERNAL CD RECORDER, DELL 968W PRINTER SERVICE TAG #BV5LQDL WITH D-LINK ZIP DRIVE ATTACHED, OLYMPUS

FE-330 8.0 MEGAPIXEL DIGITAL CAMERA SER #Y72056767 BLUE IN COLOR.

7. I have been a certified law enforcement officer in the State of Oklahoma since 1995. I have received in excess of 40 hours of specialized training in the investigation of specific crimes. I conducted drug investigations where suspects have been identified, arrested, charged, and convicted in a courts of law.

A second search warrant was issued authorizing the requested search.

Freerksen moved to suppress the evidence obtained from these two searches. At the suppression hearing, Detective Morton admitted on cross-examination to several inaccuracies and omissions in the warrant affidavit. The first numbered paragraph, where CL reports being raped by three unknown males, does not mention the three males were juveniles she estimated to be under the age of sixteen. Additionally, the fourth paragraph, concerning the use of a vibrator, falsely states CL described the vibrator as white and six inches long. The affidavit did not include CL's statement to Detective Morton that it was dark during the assault and she could not see what the Freerksens were doing to her. Finally, the fifth paragraph, insofar as it implied CL herself stated to detective Morton that photographs were taken with a blue camera, was inaccurate. CL mentioned the blue camera to her mother, who related the information to Detective Morton two days after his initial interview with CL. Detective Morton admitted a magistrate reading the affidavit would be led to believe CL made the statements about the blue camera directly to him during the July 11 interview.

The district court denied the motion to suppress, concluding none of the alleged omissions or inaccuracies were material and thus the warrant was supported by probable cause. One of the photographs seized as a result of the search of the digital camera formed the basis of Freerksen's guilty plea. Pursuant to the terms of her conditional plea agreement, she appeals the denial of her motion to suppress.

## III. Discussion

### A. Standard of Review

When reviewing the denial of a motion to suppress, the court accepts the district court's factual findings unless clearly erroneous and reviews de novo the ultimate determination of reasonableness under the Fourth Amendment. *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008). The court reviews the district court's findings regarding the truth or falsity of statements in the warrant affidavit for clear error. *Id.* Whether a corrected search warrant affidavit establishes probable cause is a question of law reviewed de novo. *Id.*[1]

---

[1]The court has not decided whether the district court's characterization of an inaccurate item in a warrant affidavit as an affirmative misstatement or as an omission is a finding of fact or conclusion of law. The court need not do so today, because the district court's characterization of the disputed items in the warrant affidavit is correct even under de novo review.

B. *Franks* Test

This court applies a two part test when determining whether false statements or material omissions in a warrant affidavit render the resulting search invalid:

> A search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause.

*Id.* Probable cause requires "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Cooper*, 654 F.3d 1104, 1124 (10th Cir. 2011) (quotations omitted).

The district court correctly concluded the first three omissions Freerksen points to in the warrant affidavit are immaterial. CL reported being raped by three unknown males at the Freerksens' residence; the age of the males does not make it any less likely incriminating evidence of sexual assault would be found at the residence.[2] Similarly, CL told Detective Morton a vibrator was used on her crotch area; the existence of probable cause does not depend on her recalling its

---

[2]The affidavit also failed to mention that one of the three males was named Garret and was the grandson of a veteran Woodward Police Officer. At the suppression hearing, Detective Morton testified he did not know Garret was related to a Woodward Police Officer. This omission, too, is immaterial to a probable cause determination.

precise size and color.  Regarding the omission of CL's statement that it was dark when she was assaulted, the district court concluded the statement was immaterial in light of CL's ability to describe the assault to Detective Morton in detail.  This court agrees.  CL's statement that it was dark does not in itself imply it was so dark as to call into doubt the veracity of all her other statements.

The most significant inaccuracy in the warrant affidavit is the fifth numbered paragraph concerning the blue camera.  That paragraph contains the only allegations that pictures were taken of the assault.  Freerksen argues the fifth paragraph is an affirmative falsehood which must be excised completely from the affidavit pursuant to the second step of a *Franks* inquiry.  The government argues the statement is an omission, requiring the court to determine whether probable cause would exist if the affidavit stated CL told *her mother* a blue camera was used and her mother thereafter relayed that information to Detective Morton.  A statement is "false" if it does not "correspond[] to truth or reality."  Merriam Webster's Third New International Dictionary Unabridged 819 (3d ed. 1993).  Freerksen does not contest that CL made the statement about the blue camera to her mother or that her mother relayed the statement to Detective Morton.  The fifth paragraph of the warrant affidavit is therefore not false; it accurately recounts a statement CL made.  It simply fails to also state *to whom* CL made the statement.

The appropriate inquiry therefore is not whether probable cause would exist if the affidavit made no mention of the camera at all, but whether probable cause would exist if the affidavit clarified that CL's statement about the camera was made to her mother. This court has long held hearsay, and even multiple layers thereof, "may support a finding of probable cause for a search warrant." *United States v. Mathis*, 357 F.3d 1200, 1204 (10th Cir. 2004). The hearsay at issue here consisted of a minor child's statement to her mother. Both declarants were non-suspects whose identity was known to Detective Morton and neither had a motive to provide false information. The statement is therefore sufficient to support a finding of probable cause. Because the search warrant affidavit used to justify the search of the Freerksens' residence did not contain any material omissions or affirmative falsehoods, the district court properly denied Freerksen's motion to suppress.

## IV. Conclusion

For the foregoing reasons, the decision of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge