**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DEAN LEROY FREERKSEN, III,

  Defendant - Appellant.

No. 11-6059

W.D. Oklahoma

(D.C. No. 5:10-CR-00188-R-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

## I. Introduction

Dean Leroy Freerksen III was convicted after a jury trial of five counts of

Production of Child Pornography in violation of 18 U.S.C. § 2251(a). His

conviction arose out of a search of a digital camera and other computer equipment

found in a house he shared with his wife and co-defendant, Alicia Danielle

Freerksen, which uncovered digital images depicting, *inter alia*, the sexual abuse

of CL, an eleven-year-old child. Both Dean and Alicia Freerksen moved to

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

suppress evidence found as a result of the searches, arguing the search warrant did not support a finding of probable cause when analyzed under the framework set forth in *Franks v. Delaware*, 438 U.S. 154 (1978).

Dean Freerksen raised several other challenges to the validity of the search, arguing that the magistrate who issued the search warrant was not neutral and detached, the search warrant was not supported by probable cause, and the warrant did not meet the particularity requirement of the Fourth Amendment. The district court denied the motion. On appeal, Freerksen challenges the denial of his suppression motion on all grounds raised below. He also challenges the constitutionality of his conviction under the Commerce Clause and the substantive reasonableness of his fifty-year sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

## II. Background

### A. Search Warrants

On July 13, 2009, a search warrant was issued authorizing a search of Freerksen's residence at 2718 Maple Street in Woodward, Oklahoma. Detective Mike Morton of the Woodward Police Department prepared the probable cause affidavit supporting the search warrant. On July 14, 2009, a second search warrant was issued authorizing the search of a digital camera and computer seized during the first search. The second search warrant authorized the collection of "[e]vidence to include letters, digital media, photographs, email correspondence,

digital images, files, folders all of which include but not be limited to active and/or deleted media regarding Lewd Molestation and Child Pornography." Digital images seized as a result of the second search were admitted into evidence against Freerksen at trial.

Both search warrants were issued by Woodward Special District Judge Don Work. Prior to his appointment as an Oklahoma Judge, Judge Work was previously employed as an assistant district attorney for Woodward County. In that capacity, Judge Work had prosecuted Freerksen for assault and battery in 2007 and for lewd molestation in 2008. Judge Work had also sought to accelerate a deferred sentence Freerksen received in a 2005 case for child stealing. Freerksen was also charged with rape at the state level for the conduct which gave rise to the present case. In that state proceeding, the prior convictions in which Judge Work had participated as an assistant district attorney were used as a basis for an enhancement of any sentence imposed. Additionally, Judge Work voluntarily recused himself from hearing the related state rape proceeding following an in camera request by Freerksen pursuant to Rule 15(a) of the Rules of the District Court of Oklahoma.[1] Although Freerksen postulated several

[1]Rule 15(a) provides:

> Before filing any motion to disqualify a judge, an in camera request shall first be made to the judge to disqualify or to transfer the cause to another judge. If such request is not satisfactorily resolved, not less than

(continued...)

possible reasons for Judge Work's recusal in his Motion to Suppress before the District Court based "[o]n information and belief," no record exists explaining the precise reasons for Judge Work's recusal.

B. Sentencing

After Freerksen's conviction, the Pre Sentence Report prepared by the Probation Office set his total offense level at 49 and placed him in a criminal history category of IV. The Sentencing Guidelines recommended a sentence of life in prison. The district court sentenced Freerksen to fifty years. The court recognized that its sentence was "somewhat below the Sentencing Guidelines," but was satisfied the sentence would serve the purposes of incapacitation, deterrence, and just punishment. The sentence imposed was designed to give Freerksen "some hope at some time of getting out of prison."

## III. Discussion

A. Search Warrant

1. *Franks* Issue

Freerksen first argues the evidence seized as a result of the search of his residence should have been suppressed because the warrant affidavit was defective under *Franks*. For the reasons set forth in *United States v. Alicia*

---

[1](...continued)
> ten (10) days before the case is set for trial a motion to disqualify a judge or to transfer a cause to another judge may be filed and a copy delivered to the judge.

*Freerksen*, No. 11-6044, slip op. at 5–8 (10th Cir. 2012), the court rejects this argument.

### 2. Neutral and Detached Magistrate Requirement

Freerksen next argues the warrant authorizing the search of his residence was invalid because the issuing magistrate was not "neutral and detached" as required by the Fourth Amendment. *See United States v. Ramirez*, 63 F.3d 937, 941 (10th Cir. 1995). The court reviews factual questions related to the neutral-and-detached determination for clear error and views the evidence in the light most favorable to the government, the prevailing party below. *Id.* at 940. The ultimate neutral-and-detached determination is reviewed de novo. *Id.* A search conducted based on a warrant authorized by a magistrate who lacks the requisite neutrality and detachment "stands on no firmer ground than if there had been no warrant at all." *Coolidge v. New Hampshire*, 403 U.S. 443, 453 (1971). "Whether a magistrate was neutral and detached in any particular case is necessarily an individualized and contextual inquiry. Courts must focus on the specific circumstances surrounding the issuance of the warrant . . . ." *Ramirez*, 63 F.3d at 941.

Freerksen contends Judge Work was not neutral and detached because he recused himself from a related state proceeding and because prior to becoming a judge he prosecuted Mr. Freerksen for two sex offenses while working as an assistant district attorney in Woodward County. These two facts are insufficient

to show Judge Work was not "neutral and detached." A warrant issued by a magistrate who had previously prosecuted the defendant does not violate the Fourth Amendment. *United States v. Outler*, 659 F.2d 1306, 1312 (5th Cir. 1981), *overruled on other grounds by United States v. Steele*, 147 F.3d 1316, 1317 (11th Cir. 1998). Nor under these circumstances does Judge Work's recusal show he lacked the requisite neutrality and detachment to issue the search warrant in this case. Judge Work's recusal came after an in camera request made by Freerksen's counsel pursuant to Rule 15(a) of the Rules of the District Court of Oklahoma. There is therefore no record of the basis for the recusal. There is also no evidence Judge Work acted improperly or considered matters outside the warrant affidavit when making his probable cause determination. The court therefore rejects this argument.

### 3. Computer Equipment

Freerksen next raises two challenges to the seizure and subsequent search of computer equipment. First, he argues no probable cause existed to seize computer equipment at his residence. Second, he argues the warrant authorizing the search of the computer did not "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The government represented to the district court that the photographic evidence used to convict Freerksen was discovered both on a memory card in the camera and on the computer. The evidence seized from the computer was therefore cumulative.

Freerksen acknowledges his challenges to the search and seizure of the computer

equipment are material only if he prevails on his *Franks* challenge to the search

of his residence and seizure of the camera. Because the court has rejected

Freerksen's *Franks* argument *supra* at III.A.1, it need not consider his challenges

to the search and seizure of the computer equipment.

B. Subject Matter Jurisdiction

Freerksen next argues the district court lacked subject matter jurisdiction

over the activities charged in the indictment because of an insufficient nexus

between his charged conduct and interstate commerce to support federal

jurisdiction under the Commerce Clause. Freerksen acknowledges this argument

is foreclosed by *United States v. Jeronimo-Bautista*, 425 F.3d 1266 (10th Cir.

2005). He nonetheless raises this issue to preserve it in the event *Jeronimo-*

*Bautista* is abrogated by an en banc panel of this court or by the Supreme Court.

The court therefore affirms.

C. Sentence

Freerksen argues the district court's sentence was substantively

unreasonable. This court disagrees. "We review sentences under an abuse of

discretion standard for procedural and substantive reasonableness." *United States*

*v. Washington*, 634 F.3d 1180, 1184 (10th Cir. 2011). "A district court abuses its

discretion when it renders a judgment that is arbitrary, capricious, whimsical, or

manifestly unreasonable." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010) (quotations omitted).

Freerksen first argues his sentence is unreasonably disproportionate to that of his wife, Alicia Freerksen, who pleaded guilty and was sentenced to ten years' imprisonment on a single charge of possession of child pornography after she testified against Freerksen at trial. This court has stated that "a disparity among co-defendants is justified when sentences are dissimilar because of a plea bargain." *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) (quotation omitted). The district court therefore did not abuse its discretion by sentencing Freerksen more harshly than his wife.

Freerksen next argues his sentence was unreasonable because it was based in part on the child pornography Sentencing Guidelines, which, he argues, are themselves unduly harsh. The cases and commentary Freerksen cites for this proposition, however, concern U.S.S.G. § 2G2.2, which applies to cases involving simple possession or transmission of child pornography. *See, e.g., United States v. Hanson*, 561 F. Supp. 2d 1004, 1008 (E.D. Wis. 2008) (citing testimony from therapist that "there was no evidence to suggest (and he did not believe) that defendant ever actually abused a child, something that is always a concern in these types of cases" as part of rationale for departing downward from Guidelines-recommended sentence); Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of The Child Pornography*

*Guidelines*, 26–27 (Jan. 1, 2009), http://www.fd.org/pdf_lib/child%20 porn%20july%20revision.pdf (concerning sentencing of "typical defendant" sentenced under § 2G2.2 with no prior criminal history). The Guideline applicable to Freerksen's offense, however, was U.S.S.G. § 2G2.1, which concerns the sexual exploitation of children. Freerksen's offenses involved, *inter alia*, the rape of an eleven-year-old girl which was documented with digital photographs. Moreover, he received a sentence which was lower than that recommended by the Guidelines. The district court's decision not to give Freerksen an even lower sentence was not arbitrary, capricious, whimsical, or manifestly unreasonable.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-9-