FILED
United States Court of Appeals
Tenth Circuit

July 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DEAN LEROY FREERKSEN, III,

      Respondent - Appellant.

No. 13-6282
(D.C. Nos. 5:13-CV-00569-R & 5:10-CR-
00188-R-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

      Dean Leroy Freerksen, III, requests a Certificate of Appealability ("COA") to

appeal the district court's denial of his habeas motion filed under 28 U.S.C. § 2255. We

deny a COA and dismiss the appeal.

**I**

      Freerksen was convicted by a jury on five counts of producing child pornography

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentenced to fifty years' imprisonment. He unsuccessfully appealed his conviction and sentence to this court. United States v. Freerksen, 457 F. App'x 769 (10th Cir. 2012) (unpublished). Freerksen's conviction became final when the Supreme Court denied certiorari on June 18, 2012. He filed a § 2255 motion in the district court on May 27, 2013, alleging prosecutorial misconduct, ineffective assistance of counsel, and clear error. Freerksen's motion alleged that he had not raised these claims previously due to ineffective assistance of appellate counsel. At the same time he filed his motion, Freerksen sought leave to amend it. In an order dated June 14, 2013, the district court ruled that Freerksen would have until June 18, 2013, the one-year filing deadline under the Antiterrorism and Effective Death Penalty Act of 1996, to amend. It granted Freerksen ninety days to file a brief in support of the three claims identified in his initial motion.

Freerksen filed a "Memorandum in Support of Motion to Vacate, Set Aside or Correct a Sentence." The government filed a response, urging the district court to reject several of Freerksen's claims as untimely and arguing that his other claims were procedurally barred or meritless. Freerksen then filed a document styled "Petitioner's Rebuttal." The district court entered an order denying Freerksen's § 2255 motion on November 15, 2013, and denied a COA on December 13, 2013.

## II

Freerksen seeks a COA on one issue, arguing that the district court "err[ed] in

having denied appellant's right to amend his § 2255 motion." A COA is a prerequisite to an appeal. 28 U.S.C. § 2253(c)(1)(B). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Accordingly, Freerksen must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Freerksen proceeds pro se, we construe his filings liberally; however, we will not "assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Freerksen claims that the district court denied his motion to amend his § 2255 motion. This is incorrect. The district court ruled that Freerksen could expand his § 2255 motion until the expiration of the one-year statute of limitations.[1] It further granted him ninety days in which to file a brief explaining his original claims. Freerksen now alleges that the district court violated Fed. R. Civ. P. 15 by refusing to allow him to amend after the one-year period expired.

---

[1] In its order denying Freerksen's § 2255 motion, the district court referred to the limitations period in 28 U.S.C. § 2244, which applies to habeas petitions by "person[s] in custody pursuant to the judgment of a State court." § 2244(d)(1). The relevant limitations period for claims by prisoners in custody pursuant to a federal court judgment is found in 28 U.S.C. § 2255(f). But the one-year statute of limitations is identical for both state and federal prisoners.

The district court's decision comports with our holding in United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). In that case, we considered the relationship between Rule 15(c) and a § 2255 motion. Espinoza-Saenz, 235 F.3d at 503-05. We concluded:

> [P]ursuant to Rule 15(c), an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

Id. at 505 (quotation and alteration omitted). Consistent with Espinoza-Saenz, the district court allowed Freerksen to "clarif[y] or amplif[y]" the claims raised in his original § 2255 motion. The court reviewed those claims and determined that the motion lacked merit. It refused to consider one claim raised by Freerksen, which Freerksen himself conceded was not part of his original motion. We therefore conclude that Freerksen has failed to raise an issue debatable among reasonable jurists.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Freerksen's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge


- 4 -