**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER CLEVELAND,

Petitioner-Appellant,

v.

KAMERRON HAVENEK, Warden,

Respondent-Appellee.

No. 12-6293

(W.D. of Okla.)

(D.C. No. 5:12-CV-00086-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Christopher Cleveland, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Cleveland's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We conclude the district court correctly disposed of Hall's petition and therefore deny the application for a COA, deny the motion to proceed in forma pauperis, and dismiss this appeal.

## I. Background

Cleveland pleaded nolo contendere in Oklahoma state court to two counts of child abuse and received a five-year deferred prison sentence. But Cleveland was soon after convicted of perjury, thus leading the state to revoke his deferred status and imprison him. Cleveland appealed certain aspects of his conviction and sentence through the Oklahoma state courts and obtained no relief.

Cleveland then filed a 28 U.S.C. § 2254 petition. His original petition raised ten grounds for relief, but several of those grounds had yet to be exhausted through the state courts. The magistrate judge therefore issued an order to show cause why the entire petition should not be dismissed for lack of exhaustion. Doc. 6.[1] In response, Cleveland filed an amended petition asserting only five grounds for relief, all of which he believed had been exhausted.

---

[1] Many of the district court filings relevant to this proceeding are not part of the record on appeal. Nevertheless, we have authority to review them because we may take judicial notice of public records, including district court filings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of district court record that was not part of the record on appeal). We therefore cite to the PACER docket numbers in Western District of Oklahoma case number 5:12-cv-00086-F.

The magistrate judge issued a report and recommendation (R&R) denying relief on all five grounds. Cleveland then filed what the docketing clerk categorized as an objection to the R&R, but which was in fact a collection of affidavits and transcript excerpts. Doc. 25. The filing contained no argument or explanation of the evidence's relevance.

But before the district court had resolved Cleveland's purported R&R objections, Cleveland filed a motion for leave to supplement his petition. Doc. 26. This motion asserted four additional grounds for relief—all of which Cleveland had asserted in his original petition but then abandoned in his amended petition. Cleveland attached an order from the OCCA showing that these four supplemental claims had now been exhausted.

The district court issued an order refusing to treat Cleveland's evidentiary filing as an objection to the R&R, adopting the R&R in full, denying Cleveland's motion to supplement his petition, and denying a certificate of appealabilty. Cleveland then filed a motion to reconsider. The district court denied that motion and Cleveland timely appealed.

## II. Analysis

### A. *Cleveland's Objection to the R&R*

Cleveland first argues that the district court should have treated the filing of the affidavits and transcript as a properly filed objection. The Federal Rules of Civil Procedure, however, require an objecting party to file "*specific* written

-3-

objections," thus permitting the district judge to reconsider "any *part* of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b)(2), (3) (emphasis added); *see also* 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3070.1 (2d ed., Dec 2012 update) ("The rule adds that the objections must be 'specific' so as to conform to [28 U.S.C. § 636(b)(1)'s] requirement that the [district] judge review those portions of the proposed findings or recommendations to which objection is made."). Cleveland's filing of affidavits and transcripts, without explanation, does not qualify as "specific written objections." The district court therefore committed no error in refusing to consider Cleveland's evidentiary filing.[2]

Given that Cleveland failed to object, he has waived appellate review of the issues decided by the magistrate judge. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We therefore do not reach the arguments he now asserts in opposition to the magistrate judge's R&R.[3]

---

[2] The filing was also untimely. Federal Rule of Civil Procedure 72(b)(2) requires objections to be filed with fourteen days of the R&R. Cleveland filed late. But the district court did not rule on these grounds.

[3] The magistrate judge ruled on all five of the grounds for relief asserted in Cleveland's amended petition. Cleveland has only appealed on two of those grounds: involuntariness of his nolo plea, and ineffective assistance through counsel's purported conflict of interest. As to the three other grounds— ineffective assistance regarding advice leading to his nolo plea, constitutional error for failure to inform him of the elements of his crime, and a lack of a factual basis for his plea—he has waived them not only by failing to object to the R&R, but also by failing to renew them here.

### B. Cleveland's Motion to Supplement His Habeas Petition

Cleveland next contends that the district court erred in denying his motion for leave to supplement his habeas petition with newly exhausted grounds for relief. We treat a motion to supplement a habeas petition as a motion to amend subject to Federal Rule of Civil Procedure 15, and review a district court's disposition of such a motion for abuse of discretion. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503 (10th Cir. 2000).

The district court reasoned that Cleveland's proposed supplemental grounds for relief had been exhausted since the date of the OCCA decision announcing their disposition. The court therefore denied the motion for undue delay, considering he waited five months (and until after the R&R issued) to attempt to supplement. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that leave to amend may be denied for "undue delay"). On appeal, Cleveland explains that he was transferred to the Oklahoma County Jail on a writ of habeas corpus ad testificandum during that time, so he was not receiving his regular mail. Thus, he claims, he did not receive the OCCA's order until he was returned to his "home" prison. Because of this delay and because he receives only two hours per week in the prison law library, Cleveland argues his motion should be considered timely.

Even if the district court had been aware of these details, it would not have abused its discretion in denying Cleveland's motion to supplement. All of Cleveland's supplemental grounds for relief had been raised in his original

-5-

petition, and indeed, the motion to supplement reproduces large portions of Cleveland's original petition verbatim or nearly so. Thus, by the time Cleveland received the OCCA's order, he had already developed not only the legal theories asserted in his motion to supplement but also the very language he eventually used to assert those legal theories. Even with only two hours per week in the law library, Cleveland could have easily drafted and filed his motion to supplement long before he did.

In sum, the district court therefore did not abuse its discretion in finding undue delay and we affirm its denial of Cleveland's motion to supplement.

### C. Cleveland's Remaining Arguments

Cleveland raises four additional issues: two concerning the sufficiency of the evidence when he was convicted of perjury, one claiming that the police entered his home and arrested him without a warrant, and one arguing ineffective assistance of counsel at the appellate level. These claims, however, were the claims Cleveland attempted to assert in his motion to supplement. Because we affirm the district court's decision to deny leave to supplement, Cleveland has waived these claims by failing to timely raise them below.

## III. Conclusion

Having found no substantial showing of the denial of a constitutional right, we DENY the application for a COA, DENY the motion to proceed in forma

pauperis, and DISMISS the appeal.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge