**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER CLEVELAND,

Petitioner-Appellant,

v.

KAMERRON HAVANEK, Warden,

Respondent-Appellee.

No. 13-6084
(D.C. No. 5:12-CV-00086-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY** and **MURPHY**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Petitioner pled nolo contendere in Oklahoma state court to two counts of child abuse and received a five-year deferred sentence. Shortly thereafter, Petitioner was convicted of perjury, which led the state to revoke his deferred status. Petitioner appealed his conviction and sentence through the Oklahoma state courts but obtained no relief.

Petitioner then filed a federal habeas petition under 28 U.S.C. § 2254, in which he

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asserted ten grounds for relief. Because several of those grounds had yet to be exhausted through the state courts, the magistrate judge issued an order to show cause why the entire petition should not be dismissed for failure to exhaust. In response, Petitioner filed an amended petition, asserting only five grounds for relief. The magistrate judge issued a report and recommendation recommending that relief be denied on all grounds. Petitioner then filed what the docketing clerk categorized as an objection to the R&R but was, in fact, a collection of affidavits and transcript excerpts. The district court issued an order refusing to consider Petitioner's evidentiary filing as an objection to the R&R and adopting the R&R in full.[1] Petitioner sought a certificate of appealability, which we denied. *Cleveland v. Havanek*, 509 F. App'x 703 (10th Cir. 2013).

After we issued our Order and Judgment, Petitioner inquired with the district court as to the whereabouts of the written objection to the R&R he had submitted. Upon investigation, the court clerk discovered Petitioner's objection in the paper file for Petitioner's case; it was file-stamped but had not been scanned and placed on the court's ECF system. The district court directed the court clerk to file Petitioner's objection and advised Petitioner that if he intended to obtain relief from the court's final judgment in light of the clerical mistake, he was required to file a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner did so and additionally sought rehearing in this court based on the clerical mistake. We entered an order denying Petitioner's petition

---

[1] The district court additionally denied Petitioner's request to supplement his habeas petition. This decision is not at issue in this appeal.

for rehearing, explaining:

> Although Cleveland has exposed a clerical mistake below, it does not currently merit relief from this court. At the time the district court first ruled on Cleveland's purported objections, and at the time we reviewed the district court's order, the record did not contain properly filed objections to the R&R. Although Cleveland has successfully corrected the mistake on the district court's docket, the record before us is unchanged. The effect of the correction in the district court must be litigated there before we can review it. We express no opinion on whether Cleveland merits Rule 60(b) relief, nor on the merits of his objections to the R&R.

(R. at 185-86.)

The district court subsequently granted Petitioner's Rule 60(b) motion and vacated its previous order to the extent it adopted and affirmed the R&R. After considering Petitioner's newly recorded objection and conducting a de novo review of the R&R, the district court again adopted the R&R and denied Petitioner's habeas petition. In doing so, it refused to consider the additional evidence submitted in support of Petitioner's objection—the affidavit and court transcripts that had originally been recorded on the docket. The district court concluded "there has been no showing that there was not enough time to gather this evidence or that petitioner was denied the opportunity to obtain the evidence prior to a ruling on his habeas petition." (R. at 195.) Petitioner again seeks a certificate of appealability to appeal the denial of his habeas petition. He additionally argues that the district court erred in refusing to consider the evidence he submitted with his objection and erred in refusing to hold an evidentiary hearing.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's denial of habeas

relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We further see no error in the district court's refusal to consider Petitioner's additional evidence, *see Gonzales v. Qwest Commc'ns Corp.*, 160 F. App'x 688, 690 (10th Cir. 2005) ("The decision whether to accept further evidence after the magistrate judge's recommendation is . . . within the district court judge's discretion."), or in its decision to not hold an evidentiary hearing, *see Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010). Accordingly, for substantially the same reasons given by the district court and the magistrate judge, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge