FILED
United States Court of Appeals
Tenth Circuit

May 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN PETER GREALISH,

      Defendant - Appellant.

No. 13-4182
(D.C. No. 2:13-CV-00308-CW)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

John Peter Grealish, a federal inmate proceeding pro se, seeks a certificate

of appealability ("COA") to challenge the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his sentence. The district court determined that the

motion was untimely, and in the alternative, concluded that any failure of Mr.

Grealish's attorney to object to the imposition of supervised release did not

constitute ineffective assistance of counsel. Grealish v. United States, No. 2:13-

CV-00308-CW (D. Utah Nov. 26, 2013). Because Mr. Grealish's motion was

untimely and he has not made "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss this

appeal.

Background

On September 12, 2011, Mr. Grealish pleaded guilty to mail fraud affecting a financial institution in violation of 18 U.S.C. § 1341. 1 R. 66. Although Mr. Grealish faced a maximum 30-year sentence, see 18 U.S.C. § 1341, Mr. Grealish's Presentence Report ("PSR") recommended a guideline range of 41 to 51 months' imprisonment. 1 R. 3-4. Initially, Mr. Grealish was sentenced to 32 months' incarceration and 60 months' supervised release. 1 R. 26-27. However, in December 2011, his supervised release was reduced to 36 months, with this sentence becoming final on January 6, 2012. 1 R. 27, 66. In June 2012, approximately nine months after his initial sentencing, Mr. Grealish surrendered to authorities. 1 R. 102. He did not file a direct appeal. 1 R. 48.

In February 2013, Mr. Grealish filed a petition under 28 U.S.C. § 2241 in South Dakota arguing that his total sentence of 68 months—32 months' incarceration plus 36 months' supervised release—exceeded the 41- to 51-month sentencing guideline range. 1 R. 48-49, 66. On April 8, 2013, the federal district court in South Dakota denied the § 2241 petition on the grounds that Mr. Grealish had not demonstrated that any remedy under § 2255 was inadequate or ineffective. 1 R. 48-52 (Grealish v. Willis, No. CIV 13-4020-RAL (D. S.D. Apr. 8, 2013).

On May 2, 2013, Mr. Grealish filed the instant § 2255 motion, arguing that (1) his counsel was ineffective for failing to understand and object to his improper sentence, and (2) the court should grant a one-year filing extension under Fed. R. Crim. P. 45(b)(1)(B) in order to address the merits of his ineffective assistance of counsel claim. 1 R. 3-11, 66. Mr. Grealish contends that excusable neglect justified his untimely filing because (a) he only learned the significance of his supervised release as it relates to his total sentence after he surrendered and received assistance from his fellow inmates, 1 R. 9-10; and (b) the nine months before he self-surrendered should not count against him because he was barred from filing a § 2255 motion as he was not yet in custody, 1 R. 11. Mr. Grealish seeks to have his 32 months' incarceration reduced by 17 months so that his total sentence would fall within the guideline range. 1 R. 11.

The district court denied Mr. Grealish's § 2255 motion as untimely because he failed to meet the criteria for an extension under § 2255(f)(4). 1 R. 67. The district court explained that (1) a failure to appreciate the legal significance of a known fact is inadequate to justify an extension; (2) Mr. Grealish was aware of his combined sentence at his initial sentencing, making his self-surrender claim irrelevant; and (3) Mr. Grealish failed to satisfy equitable tolling under Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), because he did not demonstrate either an exceptional circumstance or that he diligently pursued his claims. 1 R. 67-68.

In the alternative, the district court explained that supervised release could be imposed even though the total sentence exceeded the recommended guideline range for incarceration.[1]  1 R. 69 (citing United States v. Robinson, 62 F.3d 1282, 1285 (10th Cir. 1995)).  Thus, counsel could not be ineffective for failing to object to Mr. Grealish's sentence.  1 R. 70 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

Mr. Grealish raises similar arguments to this court in his COA application. 1 R. 102-25.

Discussion

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court dismisses a § 2255 motion on procedural grounds, the movant must demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Section 2255 contains a one-year limitations period that runs from the date a judgment of conviction is deemed final.  28 U.S.C. § 2255(f)(1).  Using January 6, 2012, as the date that Mr. Grealish's sentence became final, he had until

---

[1] The district court also noted that the imposition of 36 months' supervised release was within the 36- to 60-months guideline range for supervised release following incarceration.  1 R. 67.

January 6, 2013, to file his § 2255 motion. Thus, as Mr. Grealish recognizes, his § 2255 motion—filed May 2, 2013—was untimely. Nonetheless, Mr. Grealish asks us to overlook his untimeliness based primarily on "excusable neglect" as recognized by Fed. R. Crim. P. 45(b)(1)(B) because he diligently pursued his claim once he was in custody following his self-surrender, albeit, by first incorrectly filing a § 2241 petition. 1 R. 104-05. However, Rule 45(b)(1)(B) cannot operate to extend the statutory limitation period for a § 2255 motion. See Fed. R. Crim. P. 1(a)(1) (rules govern criminal proceedings).

Rather, to be entitled to equitable tolling for his § 2255 motion, Mr. Grealish must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Gibson, 232 F.3d at 808 (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244). We agree with the district court that neither occurred here. Mr. Grealish's self-surrender does not create an exceptional circumstance; he was aware of his sentence regardless of whether he was in custody. Nor does Mr. Grealish's reliance on an untimely § 2241 petition—filed a month after the one-year deadline and some eight months after his self-surrender—constitute diligence in pursuing his ineffective assistance of counsel claim.

Because Mr. Grealish's § 2255 petition was untimely, we need not reach his ineffective assistance of counsel claim.

Accordingly, we DENY a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge