Archie POOLE, Petitioner/Defendant,

v.

UNITED STATES of America, Respondent/Plaintiff.

Civil Action No. 16–cv–0130–WJM (Criminal Case No. 14–cr–203–WJM–01)

United States District Court, D. Colorado.

Signed 07/14/2016

Jeremy S. Sibert, U.S. Attorney's Office, Denver, CO, for Respondent/Plaintiff.

Robert William Pepin, Office of the Federal Public Defender, Denver, CO, for Petitioner/Defendant.

### ORDER DENYING MOTIONS FOR EQUITABLE TOLLING AND FOR SUBPOENA *DUCES TECUM*

William J. Martínez, United States District Judge

Before the Court is Petitioner Archie Poole's Subpoena *Duces Tecum* Motion to Secure Work Order of Printer ("Subpoena Motion") (ECF No. 73) and Poole's Motion for Equitable Tolling of the Statute of Limitations ("Tolling Motion") (ECF No. 74). Both motions are dated April 7, 2016, and were received by this Court on April 12, 2016.

The Subpoena Motion seeks discovery in support of the Tolling Motion. For the reasons explained below, however, the Court finds the Tolling Motion must be denied for reasons independent of the discovery Poole seeks. Accordingly, the Tolling Motion is denied, and the Subpoena Motion is denied as moot.

## I. BACKGROUND

Poole was charged in May 2014 with various firearms and drug trafficking offenses. (ECF No. 1.) In October 2014, he reached a plea deal by which he would plead guilty to one count of felon-in-possession (Count 1) and one count of possessing a firearm in furtherance of a drug crime (Count 5). (ECF No. 40.) He was sentenced on January 7, 2015, and judgment entered the following day. (ECF Nos. 52–53.) Poole received 70 months on Count 1 and a consecutive 60 months on Count 5, for a total of 130 months. (ECF No. 53.)

Poole's deadline to file a notice of appeal was January 22, 2015, *i.e.*, fourteen days from the date of his judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). Poole did not file a notice of appeal.

On January 19, 2016, Poole filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (ECF No. 62.) Poole's first ground for relief ("Ground One") is that "[t]he Court departed upwards from the stipulated sentencing guideline range of 57–63 months and sentence[d] me under [the] 77–96 [month] range." (*Id.* at 4.) Poole's second ground for relief ("Ground Two") is ineffective assistance of counsel, alleging that his attorney

> fail[ed] to object when the judge sentence[d] me outside of the stipulated guideline range. Also was not challenged on appeal after I was told by defense counsel ... that he secured an agreement with [the] U.S. Attorney to dismiss new indictment based on me not challenging being sentenced under the wrong guidelines.

(*Id.*) The "new indictment" presumably refers to Case No. 14–cr–231, where Poole is also a defendant, and over which the undersigned also presides.

On March 4, 2016, the Court received from Poole a "Supplemental Brief in order to add additional argument in Petitioner's [§ 2255 Motion]," dated February 25, 2016. (ECF No. 64 at 1, 4.) Poole's additional argument ("Ground Three") is another ineffective assistance of counsel claim, this time asserting "failure to argue for a concurrent sentence" on Counts 1 and 5. (*Id.* at 2.)

On March 29, 2016, the Government filed its response to Poole's § 2255 Motion. (ECF No. 72.) The Government conceded the timeliness of Grounds One and Two, but contested the timeliness of Ground Three under the one-year statute of limitations established in 28 U.S.C. § 2255(f)(1). (*Id.* at 2, 11–15.) [1] The Government argued that Poole's Ground Three was filed more than one year after his conviction became final, and that it does not meet the Federal Rule of Civil Procedure 15(c)(1) standard for relation back. (*See id.*)

---

1. The Government states that Poole's judgment entered on January 9, 2015, that his appeal deadline expired on January 23, 2015, and that his one year statute of limitations therefore ran on January 23, 2016. (*See id.*) But judgment actually entered on January 8 (ECF No. 53), thus moving up the ensuing deadlines by one day (*i.e.*, notice of appeal by January 22, 2015, and § 2255 petition by January 22, 2016). This makes no difference to the analysis below. The Court will therefore discuss the Government's arguments as if the Government referenced the correct dates.

Apparently in reply, Poole filed the two motions at issue here. The Tolling Motion requests equitable tolling of the one-year statute of limitations, claiming extraordinary circumstances. (ECF No. 74 at 2–4.) Specifically:

(1) the Bureau of Prisons law library printer was broken into and ink was stolen from the printer for tattooing. The BOP took its time replacing the printer, and all inmates suffered because they [were] [i]neligible from [*sic*] making copies of their motions and briefs.
.(2) Petitioner also argues that he has another open case before [the undersigned] under Criminal Case No. 14–cr-231-WJM that he has been researching [and] spending tremendous time on in order to resolve.

(*Id.* at 2.) The Tolling Motion does not argue for relation back.

The Subpoena Motion is intended to support the Tolling Motion. The Subpoena Motion requests that the Court order the BOP to produce the work order for the printer, as proof that it was inoperable. (ECF No. 73.) The Motion further states that the ink theft rendered the printer unusable from approximately December 10, 2015, to January 30, 2016. (*Id.* at 1.)

The Government opposes both motions, noting that Poole filed his § 2255 Motion in mid-January 2016—while the printer was out of order—and he has failed to explain why the printer problems prevented him from filing his Ground Three at the same time, before the statute of limitations ran on January 22, 2016. (ECF No. 79 at 4–5.) "Moreover," the Government argues,

any alleged printer/copier problem could only have affected Poole for [three] days, from January 19, 2016, when he filed his § 2255 motion, to January 2[2], 2016, when his one-year limitation peri-

od expired. He does not explain why he could not file his [Ground Three] during the [approximately] eleven months … when copier/printer problems did not prevent him from filing in the district court.

(*Id.* at 5.)

In light of the Government's argument, the Court ordered Poole to file a reply brief "specifically address[ing] how he was able to file his original § 2255 petition on January 19, 2016 (while the printer was allegedly broken) but unable to file his supplemental brief at or around the same time." (ECF No. 80.) Poole's reply explains as follows:

From the time I got sentence[d] in January 2015 to September 2015 I didn't hear from my first attorney …. He came to see me at the federal detention center in September 2015 and told me my appeal never got filed and the deal was off the table and here is the new deal.[2] That is when I filed for a new attorney. I received my new attorney in November 2015. Before I file[d] anything my [new] attorney … wanted to go over my first case to see if I had merit to proceed. In December 2015 my attorney came up to the federal detention center and told me he felt I had merit to proceed and sent me the motions I asked for and that's the only reason my original 2255 petition was file[d] in time.

My new appointed attorney at that time … sent me the motions and other paperwork he felt I might need and expressed to me that he has no knowledge of how to file this kind of motion so I had to do it on my own without help from my attorney as well as no access to the law library.

---

**2.** It is not clear whether this off-the-table deal was the same deal alleged in Ground Two (*i.e.,* dismissal of the new indictment in ex-

change for not appealing the Court's use of the allegedly incorrect Guidelines range).

(ECF No. 81 at 1 (punctuation normalized).)

## II. ANALYSIS

### A. Equitable Tolling

"A 1-year period of limitation shall apply to a [§ 2255] motion . . . ." 28 U.S.C. § 2255(f). Under the circumstances, this one-year window began to run on "the date on which the judgment of conviction bec[ame] final." *Id.* § 2255(f)(1). For Poole, that date was January 22, 2015, making any § 2255 motion due no later than January 22, 2016. Poole's Grounds One and Two were filed before that date, but not his Ground Three.

Poole asks for equitable tolling of the one-year period with respect to Ground Three. The Court is unaware of any case applying equitable tolling to a late *argument*, as opposed to a late *petition*. Courts usually analyze late arguments under the relation back doctrine, which is how the Government originally viewed the situation. (ECF No. 72 at 11–15.) When faced with the relation back framework, however, Poole instead chose to argue for equitable tolling. The Court will therefore analyze his arguments as presented.

■ "[T]o be entitled to equitable tolling for his § 2255 motion, [Poole] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *United States v. Grealish*, 559 Fed. Appx. 786, 788 (10th Cir. 2014) (internal quotation marks omitted). As the progress of this case recounted above makes clear, Poole satisfies neither element.

■ Poole's argument centers around the theft of ink from the "printer." A casual reader might therefore assume that Poole had been typing his filings and had no way to print them. The record shows otherwise. All of Poole's filings in this case have been handwritten, including those made after the printer was fixed. Although the printer may indeed be able to print documents from a computer, from Poole's perspective it is a *copier*, and the supposed extraordinary circumstance that prevented timely filing of Ground Three was inability to "mak[e] copies of [his] motions and briefs." (ECF No. 74 at 2; *see also id.* at 3 ("Petitioner Poole was unable to provide a copy to the Court until [the printer was fixed].").)

■ The Court holds that inability to make copies is not an extraordinary circumstance.[3] Moreover, Poole's explanation actually shows a lack of diligence with respect to Ground Three. Poole timely submitted Grounds One and Two (in his § 2255 Motion) while this printer/copier was allegedly inoperable. In other words, he apparently elected to mail his § 2255 Motion without first making a copy. He does not explain why he nonetheless needed to make a copy of Ground Three. Nor does Poole explain why he waited until late February 2016—about a month after the printer/copier was fixed—to finalize, copy, and mail Ground Three. All of this suggests that Ground Three was something that occurred to Poole much later than Grounds One and Two. The Court accordingly finds that Poole did not pursue his rights diligently as to Ground Three. Poole's Tolling Motion is therefore denied, and his Subpoena Motion is denied as moot.

---

**3.** The Court understands the importance of having copies of one's own filings. However, as between having a copy and meeting the filing deadline, prisoners should always choose to meet the filing deadline. If an unusual situation like a broken copy machine indeed prevents the prisoner from making a copy before mailing, the Court itself can mail such a copy back to the prisoner once the document has been filed.

## B. Relation Back

Poole has not argued for relation back of Ground Three to his timely filed § 2255 Motion. Poole therefore could be deemed to have conceded that relation back is inappropriate, especially in light of his failure to respond to the Government's argument to that effect. However, in the interests of justice, and because the answer is fairly straightforward, the Court nonetheless addresses relation back on its merits.

In the Tenth Circuit, a late § 2255 submission may relate back to a timely § 2255 submission if, "by way of additional facts, [the late submission] clarifies or amplifies a claim or theory in the [original motion]." *United States v. Espinoza–Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (internal quotation marks omitted). But the late submission may not "seek to add a new claim or to insert a new theory into the case." *Id.* (internal quotation marks omitted).

Here, Ground Three does not clarify or amplify Grounds One or Two. Although Grounds Two and Three are both ineffective assistance of counsel claims, they are substantially different. Ground Two focuses specifically on failure to object to the Court's alleged departure from a supposed stipulated sentencing range. Ground Three focuses specifically on failure to argue for concurrent rather than consecutive sentences. This is a "new theory" of ineffective assistance of counsel. Relation back therefore does not apply.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Subpoena *Duces Tecum* Motion to Secure Work Order of Printer (ECF No. 73) and Motion for Equitable Tolling of the Statute of Limitations (ECF No. 74) are DENIED;

2. Petitioner's "Supplemental Brief in order to add additional argument" (ECF No. 64) is STRICKEN; and

3. Poole's § 2255 Motion (ECF No. 62) remains pending, and will be resolved in due course.