FILED
United States Court of Appeals
Tenth Circuit

November 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CHRISTOPHER JAMES WITHROW,

     Defendant - Appellant.

Nos. 17-8019 & 17-8052
(D.C. Nos. 2:16-CV-00171-NDF &
2:14-CR-00207-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

In Appeal No. 17-8019, Christopher James Withrow, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion under 28 U.S.C. § 2255, as well as the court's denial of his motion to amend as untimely. In Appeal No. 17-8052, Mr. Withrow appeals the court's order denying his motion under Fed. R. Civ. P. 60(b) to reconsider the denial of his motion to amend. We deny a COA in No. 17-8019, and dismiss the matter. We likewise deny a COA in No. 17-8052, and dismiss the matter.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

In 2014, Mr. Withrow was charged with conspiring to traffic in more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. He pled guilty pursuant to a plea agreement. Although Mr. Withrow's first attorney lodged several objections to the presentence report, Mr. Withrow's new attorney, who first appeared shortly before sentencing, withdrew the objections at the sentencing hearing. As part of its sentencing calculation, the district court determined that a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (U.S. Sentencing Comm'n) was appropriate based on Mr. Withrow's possession of a firearm during the crime. Mr. Withrow's counsel did not challenge the firearm enhancement. At the conclusion of the hearing, the court sentenced Mr. Withrow to 70 months' imprisonment—the low end of the sentencing range. Judgment on the conviction and sentence entered on December 18, 2014.

Mr. Withrow did not appeal. However, on December 15, 2015, just days before the expiration of the one-year filing period under 28 U.S.C. § 2255(f)(1), he filed a motion for an extension of time to file a § 2255 motion, which the district court granted. Mr. Withrow filed a second motion for extension of time, which the court also granted. On June 23, 2016, Mr. Withrow filed his § 2255 motion, which was within the filing period extended by the court.

In his original motion, Mr. Withrow raised one claim: "The Enhancement Movant received, for purposes of sentencing, was Constitutionally vague, arbitrary

2

and capricious, and did not give notice to Movant of the type of conduct that may be used in a prosecution or for enhancement purposes at a later date." R., Vol. I at 9. More specifically, Mr. Withrow argued that firearm enhancement under § 2D1.1(b)(1) was unconstitutionally vague under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and his attorney was ineffective when he failed to raise a *Johnson* argument at sentencing.[1] In a memorandum of law filed simultaneously with his motion, he raised additional ineffective assistance of counsel claims all related to the enhancement including: (1) counsel was ineffective by failing to challenge the constitutionality of § 2D1.1(b)(1); (2) counsel failed to inform him that he could be subject to the enhancement; and (3) counsel failed to investigate the facts surrounding the enhancement.

In September 2016, more than two months after he filed his § 2255 motion, Mr. Withrow filed a motion to amend. In his proposed amended § 2255 motion, Mr. Withrow sought to add new ineffective assistance claims, including: (1) counsel failed to adequately investigate the charges, including the failure to interview witnesses; (2) counsel's failed to understand that Mr. Withrow had withdrawn from the conspiracy; (3) counsel failed to familiarize himself with the facts to adequately inform Mr. Withrow of his options (to go to trial or plead guilty); (4) counsel failed to argue that the court lacked jurisdiction; (5) counsel failed to object to the use of the co-defendant's proffer to support the firearm enhancement; and (6) counsel failed

_____

[1] We note that Mr. Withrow was sentenced in December 2014—approximately six months before *Johnson* was decided.

3

to object to the 70-month sentence as unreasonable because of its disparity with the sentence received by Mr. Withrow's co-defendant.

The district court denied the original § 2255 motion. In particular, it found that the residual clause that was determined to be unconstitutionally vague in *Johnson*—that part of 18 U.S.C. § 924(e)(2)(B)(ii) that defines a "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—bears no relation to § 2D1.1(b)(1):

> [T]he language of § 2D1.1(b)(1) is not at all similar in nature to the clause at issue in *Johnson*. In fact, § 2D1.1(b)(1) has no language even remotely evocative of a residual clause. Despite Withrow's claim in his reply that *Johnson* opened a can of worms with far reaching implications, this argument is misplaced. Nothing in *Johnson* indicates that every single statute dealing with the possession of a firearm is open to a constitutional challenge. Additionally the district courts that have considered this argument have routinely and universally rejected it. . . . In fact, Withrow has failed to cite to any case, in any circuit finding that *Johnson* affected the constitutionality of § 2D1.1(b)(1).

R., Vol. 1 at 126.

And because the district court found that § 2D1.1(b)(1) was not unconstitutionally vague, it perforce concluded that counsel could not have been ineffective for failing to raise such a challenge. The court also rejected Mr. Withrow's claims that counsel was ineffective because he failed to adequately investigate the facts used to support the enhancement and/or failed to warn Mr. Withrow about the possible enhancement before he pleaded guilty. In this regard, the court found that Mr. Withrow failed to come forward with any evidence that further investigation would have uncovered any useful information vis-a-vis the

4

firearm enhancement, or that he was not warned about the possible enhancement prior to pleading guilty. More to the point, the court concluded that Mr. Withrow could not establish prejudice because he failed to allege a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial.

As to Mr. Withrow's motion to amend, the district court denied it as untimely. The court found that the motion was filed more than two months after the court-extended limitation period expired, and the claims did not relate back to the original filing date. Therefore, the claims were untimely under § 2255(f)(1) and to proceed on the new claims, Mr. Withrow had to obtain authorization from the circuit court under § 2255(h). The court denied a COA.

## *Analysis*

To appeal the district court's denial of his § 2255 motion, Mr. Withrow needs a COA. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009) (holding a COA is required to appeal a final order that disposes of the merits of a habeas corpus proceeding).

A COA can be granted only where a prisoner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

5

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, Mr. Withrow must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. A "full consideration of the factual or legal bases adduced in support of the claims" is not required—all that is required is that the decision to grant or deny a COA rests on "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In assessing the claims, "we review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001) (alteration and internal quotation marks omitted).

Mr. Withrow has abandoned any argument that § 2D1.1 is unconstitutionally vague or that his counsel was ineffective for failing to raise the issue. He focuses instead on whether his counsel conducted an adequate investigation and/or whether he had notice of the possible firearm enhancement. We conclude that the district court's resolution of these claims was not debatable or wrong.

To establish constitutionally ineffective assistance of counsel, Mr. Withrow must show the "representation fell below an objective standard of reasonableness" and that it prejudiced him such that there exists "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985) (internal quotation marks omitted). The reasonable probability standard "requires a substantial, not just

6

conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks omitted).

The district court found that Mr. Withrow's claim that his sentence would have been different if counsel had conducted a further investigation of the facts of the firearm enhancement was speculation. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[C]onclusory allegations [are] insufficient to support [an ineffective assistance of counsel] claim."). The court further found no prejudice from counsel's alleged failure to tell Mr. Withrow about the possible firearm enhancement, because even assuming his lawyer did not discuss the issue with him before pleading guilty, the government placed Mr. Withrow on notice of the possible enhancement at the plea hearing. We do not decide whether notice from the government is sufficient, because the court found that Mr. Withrow failed to argue "in any way that if he had been aware of the potential for the firearm enhancement, he would have rejected the plea and proceeded to trial." R., Vol. I at 131. To the contrary, Mr. Withrow argues that he might have received a lesser sentence—not that he would have proceeded to trial.

We find that no reasonable jurists could debate the correctness of the district court's denial of Mr. Withrow's § 2255 motion, and we decline to issue a COA.

We also deny Mr. Withrow a COA to appeal the district court's decision to deny his motion to amend his § 2255 motion as untimely. Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid

7

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The district court extended the deadline for Mr. Withrow to file his § 2255 to and including July 5, 2016. He timely filed his original motion on June 23, 2016. On September 2, 2016, Mr. Withrow filed a motion to amend his § 2255 motion under Fed. R. Civ. P. 15(a) to include the six new claims outlined above. According to Mr. Withrow, he was entitled to amend his motion without the court's permission because the government had not filed a response to his § 2255 motion. Relying on this court's holding in *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000), the court explained that Mr. Withrow's motion to amend was untimely because it sought to add entirely new claims or theories of relief:

> Federal Rule of Civil Procedure 15(c) allows an amendment clarifying or amplifying claims already raised in an original § 2255 motion to relate back to the date of the original § 2255 motion. . . . However, after the one-year limitation period has expired, a prisoner who wishes to add entirely new claims or theories of relief may do so only by first seeking the prior approval of the court of appeals; they may not do so via merely amending—and adding to—their already filed habeas motion.

R., Vol. I at 133.

Reasonable jurists could not debate the correctness of the district court's procedural determination that Mr. Withrow's proposed amended § 2255 motion contained new claims that did not relate back to his original motion and was therefore untimely.

8

On appeal, Mr. Withrow outlines the obstacles he faced in raising the new claims in his original § 2255 motion and argues that a liberal construction of his pro se pleadings favors the amendment. We disagree and find the district court's determination that these "are entirely new claims and theories of ineffective assistance of counsel," *id*. at 134, neither debatable or wrong. Mr. Withrow's original claims (contained in his motion and memorandum of law) concerned the alleged ineffective assistance of counsel as it related to § 2D1.1(b)(1). On the other hand, the proposed new ineffective assistance of counsel claims went far beyond the original enhancement-related claims. *See Espinoza-Saenz*, 235 F.3d at 505 (holding "claims [that are] totally separate and distinct, in both time and type from those raised in [the] original motion," do not relate back to the date of the original motion (internal quotation marks omitted).).

We find that no reasonable jurists could debate the correctness of the district court's procedural ruling, and therefore decline to issue a COA.

### No. 17-8052

Mr. Withrow filed a motion under Fed. R. Civ. P. 60(b) for the district court to reconsider the denial of his motion to amend. The court treated this as a "true" Rule 60(b) motion, but denied it because Mr. Withrow failed to show error on any ground listed in Rule 60(b)). Instead, the court determined that arguments should be raised on appeal. *See Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 576 (10th Cir. 1996) ("Rule 60(b) is not intended to be a substitute for a direct appeal."). Indeed, Mr. Withrow has raised his allegations of error and we have addressed them in

9

No. 17-8019.  Because neither Mr. Withrow's Rule 60(b) motion nor his brief in No. 17-8052 raise any substantive arguments that were not considered as part of our disposition of No. 17-8019, we deny a COA and dismiss this matter.

In No. 17-8019, we accept for filing the exhibits to the opening brief submitted by Mr. Withrow (Appendices 1 and 2) and grant his motion to correct the "record"— that is to substitute Exhibits R to V of his opening brief.  We deny Mr. Withrow's motion to direct the district court reporter to correct the sentencing transcript.

Entered for the Court


Monroe G. McKay
Circuit Judge